MARTIN BROWN *v.* THE ESTATE OF MARY SUMNER.

*Jurisdiction of commissioners on the estates of deceased persons over purely equitable claims.*

Claims purely of an equitable character can not be allowed and adjusted by commissioners on the estate of a deceased person.

Commissioners on claims against the estate of a deceased married woman, having separate property of her own, have no authority to allow against her estate a promissory note executed by her during coverture, though given for necessaries for her family.

APPEAL from the report of the commissioners disallowing the plaintiff's claim against the intestate's estate.

The plaintiff claimed to recover upon a promissory note for one hundred and fifty-nine dollars and eighty-six cents, dated June 27, 1857, signed by the intestate and payable to the plaintiff or bearer, on demand, with interest annually.

It was agreed by the parties that the intestate was married to Thomas Sumner in 1818, and that from that time they lived together as husband and wife, upon a farm in Halifax owned by her, until her decease, and raised a family of children; that she executed the note in question to the plaintiff at its date, in consideration of necessaries furnished her family by him at her request, her husband being present when it was executed; that her husband was poor, and had been so for a long time previous to the execution of the note, and that he survived the intestate.

The county court, upon these facts, at the September Term, 1858,—REDFIELD, Ch. J., presiding,—rendered judgment for the defendant, to which the plaintiff excepted.

*P. T. Washburn,* for the plaintiff.

The authorities are uniform that in a court of equity the plaintiff would be entitled to recover the amount of the note in question out of the intestate's separate property; *Norton* v. *Turrill*, 2 P. Wms. 144; *Stanford* v. *Marshall*, 2 Atk. 68; *Heatley* v. *Thomas*, 15 Ves. 596; *Bullpin* v. *Clarke*, 17 Ves. 365; 15 Ves. 258; *Murray* v. *Bailee*, 4 Sim. 82; 3 Mylne & Keen 209; *Dyett* v. *N. Am. Coal Co.*, 20 Wend. 570; *Gardner* v. *Gardner*, 22 Wend. 526; *Stuart* v. *Kirkwall*, 3 Madd. 387; *N. Am. Coal Co.* v. *Dyett*, 7 Paige 9; *Jaques* v. *Meth. Ep. Church*, 17 Johns. 578; *Ozley* v. *Ikelheisner*, 26 Ala. 332, 16 U. S. Dig. 347; 2 Story's Eq. Jur. 627.

The plaintiff contends that the rule should be the same in a case of this kind in the probate court as in a court of chancery, because the same justice can be done, and in the same way; *Heirs of Adams* v. *Adams*, 22 Vt. 58, REDFIELD, J. The purpose to be accomplished in the court of chancery in such a case, is to ascertain the amount of the debt and decree its payment from the separate estate of the wife, sequestered for that purpose.

This can be fully accomplished through the probate court. The commissioner acts as a master in chancery, the administrator as receiver, and the estate is fully sequestered and in the hands of the court by the operation of law, and the probate court have full power to decree the payment of the claim thereupon.

*Keyes & Davenport*, for the defendant.

The contracts of *feme coverts* are null and void; 1 Black. Com. 442; Reeves' Dom. Rel. chap. 1; Story on Promissory Notes secs. 75 to 85.

BENNETT, J. The note executed by Mrs. Sumner, while a *feme covert*, was *absolutely void* at law.

Whether it could be enforced under the circumstances of this case against her separate estate in a court of equity, it is not necessary to decide in this case.

We are all agreed that even if that point be conceded it is not a claim, the allowance of which can be enforced before the commissioners on her estate, and that the only appropriate remedy for the plaintiff, even in that event, must be in a court of equity.

If the plaintiff has a claim, it is purely of an equitable character, and one which can only be recognized in a court of equity, and we apprehend that a board of commissioners have no powers to adjust and allow a claim which can only be recognized in a court of equity.

The court of probate is a court of special and limited jurisdiction, deriving all its authority from the statute, 2 Vt. 329, and it can only have such powers, whether equitable or legal, as the statute confers upon it.

I am not aware of any provision of the statute which gives to that court, or to a board of commissioners, chancery powers to take cognizance of claims which are solely based upon principles recognized only by a court of equity.

It has been frequently held in this State, as it was in the case of *Sparhawk* v. *Buel*, 9 Vt. 74, that an *equitable claim* is not barred by not being presented to commissioners, and I think those

44

decisions stand upon the ground that the party could have no remedy before the commissioners. If they had a remedy before that board, it should be compulsory upon them to assert it. Both policy and principle would require it.

Judgment affirmed.