WHITCOMB, ADMINISTRATOR, v. HUTCHINSON.

*Probate Court.*

A report of commissioners upon an estate was signed by only one of the two commissioners appointed, the other having deceased after their first session, and before the report was made. Upon the report being returned, the Probate Court, on consideration of the subject, found that the requirements of the law had in all respects been complied with by the commissioners, and accepted the report, and ordered it to be recorded; from which no appeal was taken, nor from the allowance of any claim by the commissioners. The administrator subsequently presented his administration account for settlement, and therein credited himself with the whole amount of claims allowed by commissioners; and said account was approved as presented, and recorded. From this order no appeal was taken. The administrator paid all the claims allowed against the estate, except defendant's, and refused to pay that because but one commissioner signed the report. *Held*, that the objection came too late; that if the Probate Court committed any error in accepting the report, it should have been corrected on appeal; that where the Probate Court commits error when acting within the legitimate scope of its authority, such error must be corrected on appeal.

APPEAL from a decree of the probate court directing the plaintiff, administrator of Hiram M. Whitcomb's estate, to pay the debts allowed against said estate by a certain time limited. The case fully appears from the opinion. The court, at the April Term, 1875, ROYCE, J., presiding, affirmed the decree of the Probate Court. Exceptions by plaintiff.

*E. A. Sowles*, for plaintiff.

The case shows that appellee's claim was allowed by only one commissioner, and that the report was signed by only one commissioner, the other commissioner having died soon after the first sitting, and before the making and filing of the pretended report. This is not a compliance with the statute. Gen. Sts. p. 400, ss. 1, 3, 5, 11, p. 405, s. 38, p. 421, s. 15.

Such an allowance and report by one commissioner is illegal and void. The court cannot assume that the commissioners both acted, and especially from proceedings since the appeal. *Hodges* v. *Thatcher*, 23 Vt. 455; *George* v. *School District*, 6 Met. 511;

*Newell* v. *Exr. of Keith*, 11 Vt. 214 ; *Towne* v. *Fagacth*, 6 Mass. 46 ; 2 Kent Com. 633, n.

The commissioners constitute a tribunal, independent of the Probate Court, with distinct and well-defined jurisdiction, powers, and duties, created, not by the Probate Court, but by statute. *Hendrick* v. *Cleveland*, 2 Vt. 329 ; *Hodges* v. *Thatcher, supra.*

The decree of the Probate Court does not help the matter. That court has exceeded its powers " in approving and allowing " an illegal, invalid proceeding of the commissioner. *Hendrick* v. *Cleveland, supra; Smith* v. *Rice,* 11 Mass. 407 ; *Hunt* v. *Hapgood,* 4 Mass. 117 ; *Sumner* v. *Parker,* 7 Mass. 79. The only power the Probate Court has, is, to determine, in its discretion, whether the report presented is the judgment of the commissioners. *Hodges* v. *Thatcher, supra; Stoddard* v. *Moulthorp,* 9 Conn. 502 ; *Peck* v. *Sturgess,* 11 Conn. 420 ; *Atherton* v. *Flagg,* 2 D. Chip. 69.

The appellant could not take an appeal from the order of the Probate Court accepting and allowing the report, as there was no report to appeal from.

*C. P. Hogan,* for defendant.

The decree of the Probate Court, unappealed from, accepting and ordering to be recorded the report of the commissioners, is conclusive, and cannot be attacked collaterally. *Judge of Probate* v. *Filmore,* 1 D. Chip. 420 ; *Lawrence* v. *Englesby,* 24 Vt. 43 ; *Richardson* v. *Estate of Merrill,* 32 Vt. 27 ; *Timothy* v. *Farr,* 42 Vt. 43 ; *Sherman* v. *Abell,* 46 Vt. 547.

Any and all objections now made to said report, and to the regularity of the proceedings, were known to plaintiff at the time of the acceptance of said report, and should have been then urged. *Ex parte Kellogg,* 6 Vt. 509 ; *Parkhurst* v. *Sumner,* 23 Vt. 538 ; *Lawrence* v. *Englesby, supra.*

The estate was fully and finally settled by plaintiff upon the basis of said report, except as to the payment of the claim of defendant ; and the rights of all parties in interest have become vested by the further conclusive decree of the Probate Court, un-

appealed from, accepting the plaintiff's final account as adminis-
trator. *Stone* v. *Peasley*, 28 Vt. 716.

The records show the estate to have been solvent, and that the
plaintiff, in his final account, charged, and was credited, with all
claims allowed against the estate, including the claim of defendant.
He is estopped, therefore, from objecting to the order appealed
from.

The opinion of the court was delivered by

PIERPOINT, Ch. J.   This is an appeal from an order of the
Probate Court directing the administrator to pay the debts
allowed against James M. Whitcomb's estate, and fixing the time
therefor.

The objection now made to the said order is, that the report of
the commmissioners, of the claims presented and allowed against
said estate, was signed by only one of the two commissioners ap-
pointed to adjust and allow such claims, the other commissioner
having deceased before said report was returned.   When the
report came before the Probate Court, it appears from the records
that said court, on consideration of the subject, found that the
requirements of the law had in all respects been complied with
by the commissioners, and thereupon accepted the report, and
ordered it recorded.   No appeal was taken from this order, nor
from the allowance of any claim by the commissioners.

Subsequent to this, and in due time and form, the administra-
tor applied to said court to adjust and allow his account with said
estate as its administrator, and on the 1st day of November,
1871, he presented his account to said court, in which he cred-
ited himself with the whole amount of the claims so allowed by
said commissioners.   On examination of said account, the court
ordered that it be allowed as presented, and recorded.   From
this order no appeal was taken.   The amount found in the hands
of said administrator was $6,000.

It appears that either before or after the said settlement, the
plaintiff here, as such administrator, paid all the debts so allowed
against the estate, except the debt allowed in favor of this de-
fendant; that he refused or neglected to pay.   The amount of

this debt was $57.33. In 1874, the defendant applied to the Probate Court to make an order requiring the said administrator to pay the debts allowed as aforesaid against said estate. The administrator was duly cited to show cause on the 14th day of July, 1874. He appeared and acknowledged he had not paid the defendant's debt. The Probate Court thereupon made an order that he pay the debts, &c. From that order this appeal was taken; and the only objection that is now made to the order is, that but one of the commissioners signed their report, as before stated. We think this objection comes now quite too late. No objection was made by the administrator to the acceptance of the report by the Probate Court, and its action was final. Until a report of commissioners is accepted by the Probate Court, there is no perfected judgment of the commissioners. This is not like the case of *Hodges* v. *Thatcher*, relied upon by the plaintiff. That was an appeal from the action of the Probate Court refusing to accept the report of commissioners for irregularities on their part. The court decided that no appeal would lie from such action; that there was no final action of the Probate Court; and the refusal to accept the report left the whole matter before commissioners. Had the report been accepted, it would have been different. An appeal then would have been proper. The acceptance of the report of commissioners, is clearly within the jurisdiction and authority of the Probate Court. Whether it properly exercises its authority, is a question that should be raised by appeal. In *Hendrick* v. *Cleaveland*, 2 Vt. 329, the Probate Court had assigned to a widow who had waived the provisions of the will of her husband, one-half of the real estate of her husband, when by law she was entitled to the use of one-third, as dower, during her life. The making of such assignment, the court say was an assumption of power not authorized by law, and such act was void; "But had the assignment been of only the use of one-third, any mistake or error in the exercise of the authority given the court, must have been corrected on appeal; and until a reversal on appeal, the dower would remain fixed and certain, and all persons concerned would be concluded by this proceeding."

In this case it does not appear but that all the claims were

presented to and allowed by the commissioners at their first sitting, when both were present; or that the survivor did any act, or that there was any occasion for his acting, until the return of the report; and as the Probate Court adjudged that all the proceedings of the commissioners were in accordance with the law, such may fairly be presumed to have been the fact. Whether the Probate Court were right in accepting the report with the signature of but one of the commissioners, under the circumstances, is a question that cannot now be raised. The court was acting within the legitimate scope of its authority, and if it erred, the error should have been corrected on appeal.

The judgment of the County Court affirming the order and decree of the Probate Court, is affirmed; this, to be certified to the Probate Court.