Spaulding *v.* Estate of Warner.

E. N. SPAULDING *v.* ESTATE OF J. P. WARNER.

*Probate Court.    Jurisdiction of Commissioners over Equitable Claims.*

While commissioners in the settlement of estates have no jurisdiction of claims the right and extent of which can be ascertained only by resort to chancery, they have jurisdiction of claims the right and extent of which are apparent and readily ascertainable, and which might be enforced but for some technical rule of the common law.    Thus : the intestate sold certain premises to W., and took a mortgage to secure payment of part of the purchase money.    W. sold the premises to S., who agreed with W. to pay the mortgage debt.    S. sold to another, without paying as he had agreed.    The intestate then procured his mortgage to be foreclosed; and when the premises passed to him under the decree, they were worth less than S. had agreed to pay.    S. presented a claim before the commissioners on intestate's estate, and a claim for the difference between the value of the premises and the mortgage debt was presented in set-off.    *Held,* that the commissioners had jurisdiction of the claim presented in set-off.

APPEAL from probate.    It appeared that the plaintiff presented a claim against the defendant estate for $346.30, which was allowed, and that a claim for a greater sum was presented in set-off.    The case was referred, and the referee reported in regard to the claim in set-off the following facts :

On May 19, 1874, the intestate sold and conveyed certain premises in Roxbury to Lucie A. Wilson, wife of Thomas Wilson, and took from them a mortgage thereon to secure payment of part of the purchase money. On February 7, 1876, the Wilsons sold and conveyed the premises to the plaintiff. The plaintiff then agreed with the Wilsons to assume and pay " as a part of the purchase money ," the sum due on said mortgage, which then amounted to $5,357.73, and the intestate assented thereto, and a memorandum of that agreement was made in the deed to the plaintiff. The plaintiff took possession of the premises and occupied them until October 16, 1876, when he sold them, without having paid any part of the mortgage debt. After the plaintiff sold, the intestate procured his mortgage to be foreclosed. At the time the decree became absolute and the premises passed thereunder to the intestate, they were worth more than $346.30 less than the sum the plaintiff assumed to pay on the mortgage. The defendant insisted that as the plaintiff had paid nothing on the mortgage, the difference between the value of the premises and the amount of the mortgage debt should be applied in set-off to the plaintiff's claim ; and the referee found that if it should be so applied there was nothing due to the plaintiff, but that otherwise the plaintiff should recover $346.30.

The court, at the March Term, 1879, REDFIELD, J., presiding, rendered judgment, *pro forma*, on the report for the defendant ; to which the plaintiff excepted.

*L. L. Durant*, for the plaintiff, contended that the defendant could not recover at law on the plaintiff's agreement to pay the mortgage debt, and cited cases *passim* in support of that proposition.

*J. N. Johnson* and *G. M. Fisk*, for the defendant, contended that there was a novation of parties, and that the defendant might, at law, recover the sum in set-off, and cited numerous cases. They also contended that if it was a matter exclusively of equity cognizance, the defendant's claim might be set off in the Probate Court, as such courts, and the higher courts in the revision of

appeals from such courts, had some equity powers, and cited *Robinson* v. *Swift*, 3 Vt. 283.

The opinion of the court was delivered by

Ross, J.   From the referee's report it appears that the intestate sold certain real estate and took a mortgage from the purchaser to secure the payment of part of the purchase money.   The mortgagor subsequently sold the same premises to the plaintiff, the plaintiff agreeing to pay the amount due on the mortgage as a part of the consideration of his purchase.   Subsequently the plaintiff sold the mortgaged premises, and the intestate foreclosed his mortgage, and was obliged to take the premises on the mortgage. It is found that the premises were of less value than the amount of the mortgage debt.   After the decease of the intestate the plaintiff presented and was allowed a claim against the estate of the intestate, and the estate presented in offset to the plaintiff's claim the deficiency in the value of the premises received on the foreclosure to pay the mortgage debt.   It is found that such deficiency is more than the sum allowed the plaintiff against the estate.   The contention is, whether the estate can avail itself of, and be allowed, this deficiency in offset to the claim allowed the plaintiff.   The referee has found that, at the time the plaintiff purchased the mortgaged premises, he agreed with the mortgagors to assume and pay, " as a part of the purchase money," the sum due on the mortgage, amounting at that time to the sum of $5,357.73, and that the intestate assented to the same.   If this finding be construed to mean that the plaintiff's promise to pay the sum due on the mortgage debt was to Wilson and wife, and not to the intestate, it was for the benefit of the intestate as well as the indemnity of Wilson and wife, and for that reason he might avail himself of it in equity, where the substance rather than the form of the transaction is regarded.   By the statute, the commissioners on the estate of Warner were charged with the power and duty of ascertaining and allowing all claims against the estate, and all claims in offset to such claims in favor of the estate, without regard to the legal form in which such claims would have to be prosecuted in a court of common-law jurisdiction.   The probate courts have

in the first instance entire and exclusive jurisdiction in the settlement of estates ; and the interference of the Court of Chancery is confined to aiding the jurisdiction of the Probate Court in those points only wherein its functions and powers are inadequate to the purposes of perfect justice. *Adams* v. *Adams,* 22 Vt. 50 ; *Boyden* v. *Ward,* 38 Vt. 628. They necessarily possess a portion of equitable powers, and are not confined in the right of judging to the technical rules of the common law, in opposition to the established chancery principles. *Robinson* v. *Swift,* 3 Vt. 283. While commissioners on the settlement of estates have no jurisdiction to adjust and allow claims of a purely equitable character,—*Brown* v. *Sumner,* 31 Vt. 671 ; *Sparhawk* v. *Buell,* 9 Vt. 41 ; *Herrick* v. *Belknap's Est.* 27 Vt. 673,—or claims of such a character that a resort to chancery is necessary to ascertain and establish the quality or extent of the claim itself, they have jurisdiction to adjust and allow all other claims, although they may have their origin in equitable principles. The claim presented by the estate in offset arises out of the plaintiff's contract. It is definite and readily ascertainable, both in quality and amount. But for the technical rules of the common law the intestate could recover thereon in an action at law. These technical rules are dispensed with by the statute and from necessity in the adjustment and allowance of claims against and for estates by commissioners. Not the form of procedure, but the substance and essence of the claim, is to be considered and regarded by the commissioners. While it may be difficult to lay down a definite rule applicable to all cases in regard to the jurisdiction of commissioners to adjust and allow claims having their origin in equitable principles, we think it may be safely said that, whenever the claim is of such a nature that the right of the party presenting it to recovery, as well as the extent of such recovery, is apparent and readily ascertainable, and the claim capable of being enforced in his favor, except for some technical rule of the common law, the commissioners have jurisdiction ; but where resort to chancery is necessary, to ascertain and establish the right of recovery or the extent of that right, the claim is of a purely equitable character, and commissioners have no jurisdiction over it, and it is not

barred if not presented to them for adjustment. In the case at bar, the claim presented by the estate in offset to the plaintiff's claim, was not of purely equitable character, and it was within the jurisdiction of the commissioners. The appellate jurisdiction of the County Court is co-extensive with that of the commissioners in the adjustment and allowance of such claims.

This view of the principles of law applicable to the facts reported, is determinative of this case, without considering the question over which there is such a conflict in adjudged cases, and which has been so elaborated by the counsel, as to whether the intestate might have maintained an action in a court governed by the technical rules of the common law against the plaintiff on the facts reported.

*Judgment affirmed.*