HEATON v. THATCHER.

(Circuit Court, D. Vermont. October 31, 1893.)

1. EXECUTORS AND ADMINISTRATORS — ALLOWANCE OF CLAIMS — LIMITATION — EQUITY.

   R. L. Vt. § 2125, provides that, where commissioners have been appointed to receive, examine, and adjust claims against the estate of an intestate, "all claims proper to be allowed by commissioners" shall be barred unless presented within the time limited. *Held,* that this does not apply to purely equitable claims, and hence it does not bar a suit by the receiver of a corporation to reach the avails of corporate property assigned to an intestate, contrary to law.

2. FEDERAL COURTS — JURISDICTION — DIVERSE CITIZENSHIP — STATE LAWS.

   Such provision, that claims against the estate of an intestate shall go before a state tribunal, cannot deprive parties of the right to sue on them in the circuit court of the United States, where that court has jurisdiction on the ground of diverse citizenship.

In Equity. On plea to the jurisdiction. Bill by Willis E. Heaton, receiver of the Arlington Manufacturing Company, against Charles W. Thatcher, administrator. Pleas overruled.

Chas. M. Wild, for orator.

Jas. K. Batchelder, for defendant.

WHEELER, District Judge. This bill is brought to reach avails of property of the Arlington Manufacturing Company, of which the orator is receiver, alleged to have been assigned to the defendant's intestate, contrary to the laws of New York, under which that corporation was organized, and to the laws of Vermont, where the property was situated. The defendant has pleaded the appointment of commissioners to receive, examine, and adjust all claims and demands against the estate of the intestate, and failure to present this claim within the time limited by the laws of the state after which claims are barred, and the pleas have been argued. The statute itself of the state only bars claims "proper to be allowed by commissioners." R. L. § 2125. Purely equitable claims are not such. Brown v. Sumner, 31 Vt. 671. Therefore this suit might have been brought in the proper court of equity of the state, whose equitable jurisdiction is founded upon that of the courts of chancery of England, and is similar to that of this court, if the claim is of that character; and it may be brought in this court because the parties are citizens of different states, and this court has concurrent jurisdiction. Besides this, the laws of a state cannot deprive parties of their right to proceed in the courts of the United States by providing that certain claims shall go before particular tribunals of the state. Payne v. Hook, 7 Wall. 425; Lawrence v. Nelson, 143 U. S. 215, 12 Sup. Ct. 440; Railroad Co. v. Gomila, 132 U. S. 478, 10 Sup. Ct. 155. The arrangement by which the property was transferred to the intestate would, if valid, create a trust in him, and the transaction was had through an intermediate party. An account would be necessary, and an action at law inadequate to the adjustment of these rights between these parties to this suit. Pleas overruled.