## FRANCES A. PURDY

v.

## ESTATE OF JOHN D. PURDY.

JANUARY TERM, 1894.

*Insolvency. Wife may prove note of husband. Is competent witness. Power of county court on appeal. Non-negotiable claim may be allowed in name of real owner. Harmless error in charge.*

1.  A wife may prove as a debt against the insolvent estate of her husband his note which has become her property by inheritance.

2.  The rule as to what equitable demands may be proved is the same with insolvent estates as with the estates of deceased persons.

3. The wife is a competent witness in a suit to establish her claim against the insolvent estate of her husband.

4. That a debtor claimed an offset in his tax inventory on account of a particular indebtedness one year and did not the next has, of itself, no tendency to show the indebtedness paid.

5. The county court, upon appeals in insolvency, has the same powers that the court of insolvency had in the first instance.

6. A non-negotiable claim, which has been assigned, may be proved against an insolvent estate in the name of the real owner.

7. So if a wife has received by inheritance a note signed by her husband she may prove it in her name against his insolvent estate, although it is not negotiable in form, or, being negotiable, has not been endorsed.

8. A judgment will not be reversed by reason of an erroneous instruction which could not have prejudiced the excepting party.

Appeal from an order of the court of insolvency for the district of Manchester, allowing the claim of the plaintiff against the insolvent estate of John D. Purdy. Trial by jury at the June term, 1893, THOMPSON, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

*Butler & Moloney* for the defendant.

The wife was not a competent witness. The statute of 1884 did not authorize suits between husband and wife, and can have no bearing on this question. *Smith* v. *Gorman*, 41 Me. 405; *Libby* v. *Berry*, 74 Me. 286; *Barton* v. *Barton*, 32 Md. 214; *Wiley* v. *Hunter*, 57 Vt. 486, and cases cited; *Larabee* v. *Wood*, 54 Vt. 452; *Wells* v. *Tucker*, 57 Vt. 228.

Testimony that the husband promised his wife to pay the note was improperly admitted. A husband and wife cannot

contract with each other. *Ellsworth* v. *Hopkins*, 58 Vt. 705.

*J. C. Baker* for the plaintiff.

The wife was a competent witness. The husband had no interest in his insolvent estate after its assignment to the assignee. R. L., ss. 1811, 1820, 1822; *Cramton* v. *Valido Marble Co.*, 60 Vt. 291; *Bank* v. *Waite*, 57 Vt. 608; *Willey* v. *Hunter*, 57 Vt. 479.

Testimony that the husband promised the wife to pay this note was properly admitted. *Drew* v. *Corliss*, 65 Vt. 650.

MUNSON, J. The plaintiff, the wife of an insolvent debtor, seeks to have allowed against her husband's estate in insolvency, a note given by him to her grandfather's estate, and subsequently transferred to her. Her evidence tended to show that she received the note as heir-at-law of her grandfather in the distribution of his estate, and that her husband afterwards promised payment to her.

If the note of the plaintiff's husband held by her grandfather's estate was received by the plaintiff as a part of her inheritance, it thereby became her sole and separate property. The claim was as good against the husband in her hands as in the hands of her assignor, but she could not have enforced it against him at law because of the technical bar arising from the coverture. It is claimed that inasmuch as the plaintiff's only remedy against her husband was in equity, she cannot prove her claim against his estate in insolvency. It is said that the husband's note in the hands of the wife is an equitable demand, and that the statute does not authorize the allowance of equitable demands in insolvency.

In *Spaulding* v. *Warner's Est.*, 52 Vt. 29, the court considered the question whether equitable demands could be allowed by commissioners on the estates of deceased per-

sons, and made a distinction between claims of a purely equitable character and those recoverable at law but for some technical rule. It is there said that when the claim "is of such a nature that the right of the party presenting it to recovery, as well as the extent of such recovery, is apparent and readily ascertainable, and the claim capable of being enforced in his favor, except for some technical rule of the common law, the commissioners have jurisdiction; but where resort to chancery is necessary, to ascertain and establish the right of recovery or the extent of that right, the claim is of a purely equitable character, and commissioners have no jurisdiction over it."

We do not think the difference between the language of the probate law and that of the insolvent law in regard to the allowance of claims is such as to require different holdings upon this subject. We see no reason to fear that any practical difficulty will result from following the course already adopted in the case of estates of deceased persons; and it seems desirable that the line of procedure in both classes of estates be the same. Then the right of the plaintiff to prove her claim in insolvency is to be determined by the rule above stated, and when tested by that rule her right to do so is apparent. A resort to equity is not necessary to establish her right or determine the extent of it. The debt due from her husband was not an equitable demand in its origin or nature. It was such only as regarded the manner of its enforcement. It is a demand properly recoverable at law upon the removal of the technical bar which stood in the way of a suit at law. The insolvent debtor is not the defendant in these proceedings.

We think the plaintiff was a competent witness in support of her claim. Our decisions bearing upon this question are not in perfect harmony, but upon a review of them it was held in *Willey* v. *Hunter*, 57 Vt. 479 (488) that to render the wife incompetent as a witness the husband must be an actual or real party to the suit, and that his having a collat-

eral interest in the event of the suit would not be sufficient
to disqualify her. The only pecuniary interest.the plaintiff's
husband has in this proceeding arises from the effect it may
have on the question of his discharge. But it does not ap-
pear that the situation of the estate is such that the result of
this proceeding will be determinative of the question of dis-
charge. If such an interest as this were to be held sufficient
to disqualify, the fact that it may exist will not entitle the
defendant to a reversal. In *Willey* v. *Hunter* the wife of
the plaintiff administrator was the sole heir to the estate,
but it did not appear but that the whole estate would be re-
quired to pay the debts proved against it, and it was said :

"It is necessary for a party objecting to a witness as incom-
petent, on account of interest in the result of the suit, to
show affirmatively the disqualifying interest."

The offer to show that the insolvent gave in this indebted-
ness to the listers as an offset the year before the plaintiff's
grandfather died and did not.afterwards, was properly ex-
cluded. He was under no obligation to enter all his indebt-
edness in the list of debts for which offset was claimed, and
if he owed an amount in excess of his personal property
would have no interest to do so. Assuming that there was
also evidence tending to show that this action was with the
plaintiff's knowledge and concurrence, the excluded testi-
mony would have shown nothing inconsistent with the
validity of her claim.

It appears from the charge that the evidence tended to
show that the note was payable to the estate of Townshend,
and that it did not disclose whether it was negotiable or not.
The court received evidence offered by the plaintiff to show
that her husband agreed to pay the note to her, and instruct-
ed the jury that she could recover if, after she became the
owner of the note, there was a promise by the husband to
pay it to her. To the admission of this testimony, and to
the giving of this instruction, the defendant excepted. If it

were to be held that the action of the court in these particulars was, error, this would not require a reversal of the case, if the plaintiff was entitled to recover without the finding of this further fact, and if it is clear that the defendant was not otherwise prejudiced by the evidence.

It is said in *Spaulding* v. *Warner's Est.*, 52 Vt. 29, that commissioners of claims have the power and duty to ascertain and allow all claims against the estate without regard to the legal form in which it would be necessary to prosecute them in courts of common law jurisdiction. It is said in *Holdridge* v. *Holdridge's Est.*, 53 Vt. 546, that proceedings in the probate court are not governed by common law rules as to parties or forms of action. All this may be said with equal truth of proceedings in insolvency. The proceedings in both courts are to procure an adjustment of all claims against the estate, preparatory to its settlement or division. County courts have the same powers as courts of probate and insolvency in determining appeals from those courts. It would be highly detrimental to the interests of all parties to require suits in equity to establish claims which could be as easily ascertained in the courts specially provided for the settlement of these estates. Moreover, a careful consideration of the facts in *Spaulding* v. *Warner's Est.* will show that that case is determinative of the very point under consideration. In that case the estate sought to set off against the claim of a creditor a sum which the creditor had promised other parties that he would pay on an obligation due from such parties to the intestate. The court permitted this, without determining whether the intestate could have maintained an action against the plaintiff on the facts stated in a court governed by the technical rules of the common law.

If this note was assigned to the plaintiff by the probate court in the distribution of her grandfather's estate, she was by virtue of that assignment the real owner of the claim,

and was entitled to any dividend which might be declared upon it. We think the court of insolvency could have allowed the claim to the plaintiff upon proof of this assignment and ownership, even if the note was non-negotiable or payable to order and not endorsed. It follows that the county court could have permitted a recovery without submitting the question of a subsequent promise by the husband. It was not necessary that the jury should find the further fact which the testimony excepted to was offered to establish. The case as presented discloses no other controverted matter upon which this evidence could have prejudiced the defendant.

*Judgment affirmed.*