JULIA ATKINS'S ESTATE *vs.* HIRAM ATKINS'S ESTATE.

October Term, 1896.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Claim Recoverable before Commissioners—Competency of Witnesses under V. S. 1237, 1238.*

The estate of the husband is liable to the estate of the wife for the price which he was to pay her for property conveyed to him by her procurement, and the claim is recoverable before commissioners.

One whose only part in the transaction has been to convey the property by the wife's direction is not incompetent as a witness under a statute which excludes the testimony of the survivor of contracting parties.

Where both parties to the contract in issue are dead and the plaintiff and defendant are their admistrators, neither representative is incompetent as a witness under a statute which excludes the opposite party from testifying against an administrator.

There having been evidence tending to support the finding of the county court, its finding is conclusive.

APPEAL FROM PROBATE. Declaration, the common counts in assumpsit. Plea, the general issue. Trial by court at the March Term, 1896, Washington County, *Ross*, C. J., presiding. Judgment for the plaintiff. The defendant excepted.

The plaintiff estate was represented by Henry M. Kimball, administrator, and the defendant estate by George Atkins, executor. Said Kimball as administrator upon the estate of Julia Atkins's father had, during her life, by her direction, conveyed to Hiram Atkins her share in that estate, the price of which property was here sought to be recovered.

*Dillingham, Huse & Howland* for the defendant.

Henry M. Kimball was incompetent as a witness. V. S. 1237, 1238.

The court was not justified by the evidence in finding that the expressed purpose of Julia Atkins to give the property to her husband had never been carried out.

The plaintiff has sought the wrong forum. If he has any remedy it is in equity. *French* v. *Holt*, 57 Vt. 187; *Niles* v. *Howe*, 57 Vt. 388; *Lamson* v. *Worcester*, 58 Vt. 381; *Mann* v. *Mann*, 53 Vt. 48.

*L. M. Read* and *George W. Wing* for the plaintiff.

MUNSON, J. This is an appeal from the decision of the commissioners on the estate of Hiram Atkins, disallowing a claim presented by the estate of Julia Atkins. The decedents were husband and wife. The claim is for the amount the husband was to pay the wife for certain

property conveyed him by her procurement. Such a claim is recoverable in this proceeding. *Spaulding* v. *Warner's Est.*, 52 Vt. 29; *Purdy* v. *Purdy's Est.*, 67 Vt. 50.

Henry M. Kimball was a competent witness in support of the claim. He was not within the provision which excludes the testimony of the survivor of contracting parties. He was in no sense a party to the contract in issue and on trial. His only part in the transaction from which the claim arose was to convey the property as directed. Nor was he within the purpose and meaning of the provision which excludes the opposite party from testifying against an administrator. There was no inequality between the parties contesting this suit. Both the original parties to the contract were dead, and both were represented by administrators. See V. S. 1237, 1238.

The court below has found that the expressed purpose of Mrs. Atkins to give the property to her husband was not carried out, and that she died leaving it as her own in his hands. There was evidence tending to support this finding, and it is conclusive.

*Judgment affirmed.*