ANDREW J. DOWNS and MATILDA L. DOWNS' ADMR. *v.*
ELIJAH DOWNS' EXR., ET AL.

May Term, 1903.

Present: MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 3, 1903.

*Equity—Jurisdiction—Trust—Remedy at law.*

The aid of a Court of equity cannot be invoked for the recovery of
money held in trust, since an action at law can be maintained
therefor.

APPEAL IN CHANCERY.   Heard on defendant's demur-
rer, at the June Term, 1902, Bennington County, *Tyler,* Chan-
cellor.   Demurrer sustained and bill dismissed.   The orators
appealed.

*Batchelder & Bates* for the orators.

The bill sets forth a trust in that Matilda L., becoming
possessed of money, placed the same in the hands of her hus-
band for care and investment.   The claim is purely equitable,
and it could not have been allowed by commissioners.   *Spar-
hawk* v. *Buell,* 9 Vt. 74; *Herrick* v. *Belknap,* 27 Vt. 674;
*Brown* v. *Sumner,* 31 Vt. 671.

*Barber & Darling* for the defendants.

The orator's remedy is not in this Court, since there is
another tribunal before which the claim can be adjudicated.
Pomeroy Eq. Jur. s. 178; *Currier* v. *Rosebrook,* 48 Vt. 34.

Such tribunal exists in the commissioners appointed by
the Probate Court.   *Spalding* v. *Warner's Est.,* 52 Vt. 29;

*Purdy* v. *Purdy's Est.,* 67 Vt. 50; *Albee* v. *Cole,* 39 Vt. 319; *Atkins' Est.* v. *Atkins' Est.,* 69 Vt. 270.

`    Chancery will not interfere except in aid of the jurisdiction of the Probate Court.  *Davis* v. *Eastman,* 66 Vt. 651; *Adams* v. *Adams' Est.,* 22 Vt. 50.

START, J.  The suit is in chancery, and is for the recovery of money alleged to have been held by Elijah Downs, in trust for his wife, Matilda L. Downs, who deceased before the bringing of the bill.  The fact that the money sought to be recovered was held in trust is the only ground upon which it is claimed that the Court of Chancery has jurisdiction.  It has been held by this Court that money thus held may be recovered by an action at law.  *Parker* v. *Parker,* 69 Vt. 352, 37 Atl. 712; *Lynde* v. *Davenport,* 57 Vt. 597; *Atkins' Est.* v. *Atkins' Est.,* 69 Vt. 270, 37 Atl. 746; *Spaulding* v. *Warner's Est.,* 52 Vt. 29; *Albee* v. *Cole,* 39 Vt. 319; *Davis* v. *Eastman,* 66 Vt. 651, 30 Atl. 1; *Adams* v. *Adams,* 22 Vt. 50; *Purdy* v. *Purdy's Est.,* 67 Vt. 50, 30 Atl. 695.  It appearing from the orator's bill of complaint that the cause of action is one over which the Courts of law have jurisdiction, the demurrer was rightfully sustained and the bill dismissed.

*Decree affirmed, and cause remanded.*