Environmental Court of Vermont
State of Vermont

=======================================================================
E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

Intervale Center Inc. & Half Pint Farm (Hoop House)  Docket No. 89-5-08 Vtec
Project:     Intervale Center Inc. & Half Pint Farm Hoop House

Title:       Motion to Alter or Amend Judgment, No. 4

Filed:       March 10, 2009

Filed By:    Appellants Intervale Center Inc. & Half Pint Farm

Response filed on 03/19/09 by Appellee Agency of Agriculture
Response in Support filed on 04/02/09 by Interested Person City of Burlington
Reply filed on 04/02/09 by Appellants Intervale Center Inc. & Half-Pint Farm
Sur-Reply filed on 04/10/09 by Appellee Agency of Agriculture

___ Granted              ___ Denied              _X_ Other

     This matter arises out of an April 2008 determination by the Vermont Agency of Agriculture, Food, and Markets ("Agency of Agriculture") on a petition filed by the Intervale Center, Inc., and Spencer and Mara Welton, the operators of Half Pint Farm (collectively, "Intervale"), who wish to build a hoop house in a mapped floodway.  On February 24, 2009, we issued a Decision and Judgment Order ("Decision") dismissing this case for lack of subject matter jurisdiction, holding that all of Intervale's Questions on appeal were either moot (now that the hoop house at issue had already been constructed) or not yet ripe for review.

     Intervale filed a motion to alter or amend our Decision.  The Agency of Agriculture responded in opposition, while also asking this Court to add additional grounds for dismissal (namely, the claim that the Vermont Supreme Court is the proper forum for this appeal—an issue that we did not need to reach in our earlier Decision).  The City of Burlington ("City") responded in support of Intervale's motion and asked this Court to find that the Agency of Agriculture is without authority to regulate structures (even farm structures) placed in floodways, since only the City is liable to the federal government for maintaining floodways in accord with the National Flood Insurance Program.

     In response to these post-judgment filings, the Court ordered an in-person motion hearing, which was held at the Costello Courthouse in Burlington, Vermont, at 2:00 p.m. on April 13, 2009.  At the hearing, Intervale and Half Pint Farm were represented by Geoffrey H. Hand, Esq., in person, and Brian S. Dunkiel, Esq., by telephone; the Agency of Agriculture was represented by Diane E. Zamos, Esq.; and the City was represented by Colin K. McNeil, Esq.

     At the close of the hearing, the Court announced that it considered Intervale's motion to be a motion for reconsideration and that reconsideration was GRANTED to allow the Court to determine whether to amend or alter our earlier Decision.  We make that determination today.

     Although we understand that Intervale believes that its farmers are harmed by the April 2008 determination made by the Agency of Agriculture, and we do not wish to belittle that harm in any way, we stand by our earlier Decision that the issues raised in this appeal are either moot or unripe for review and that we are therefore without jurisdiction to address them.

This case clearly raises a number of important issues that will likely need to be addressed at some time, but the procedural posture of this case precludes this Court from being the current vehicle for addressing those issues.  See Chittenden S. Educ. Ass'n, Hinesburg Unit v. Hinesburg Sch. Dist., 147 Vt. 286, 294 (1986) ("Although we recognize the importance of the question posed, we decline to pass on the merits of this issue because it requires this Court to render an advisory opinion prohibited by this State's Constitution." (citing In re Constitutionality of House Bill 88, 115 Vt. 524, 529 (1949)).

If anything, the hearing on this matter served to confirm our view that this case is not ripe for review.  When asked about the April 2008 determination that gave rise to this appeal, the Agency of Agriculture noted that its determination was "merely advisory" and would not in itself give rise to an enforcement action.  Further, when explicitly asked by the Court for a statutory basis for issuing the type of conditional ruling that the Agency of Agriculture issued here, the Agency failed to provide the Court with any specific statutory basis.  This confirms the Court's conclusion (based on our own research) that there is no statutory authority for the Agency to issue the type of conditional ruling that was issued here.  As explained in detail in our earlier Decision, agencies cannot act beyond the authority conferred on them by statute, Martin v. State of Vermont Agency of Transportation Department of Motor Vehicles, 2003 VT 14, ¶¶ 15–16, 175 Vt. 80, and any actions done outside an agency's authority are legal nullities that are void from the beginning, see, e.g., Manhattan General Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129, 134 (1936); Hendrick v. Cleaveland, 2 Vt. 329 (1828).  Because the Agency's determination is without any legal effect whatsoever, and for the other reasons provided in our earlier Decision, this case is unripe for review.

Our conclusion here is strengthened by the City's confirmation at the hearing that the City made its own, independent determination that the proposed hoop house was an Accepted Agricultural Practice and therefore exempt from local zoning regulations.  Unlike the determination made by the Agency of Agriculture on this matter, the City's determination was a municipal land use determination that falls under 24 V.S.A. § 4472(d).  When such determinations are not appealed, they cannot be challenged, "either directly or indirectly," in any subsequent proceeding.  24 V.S.A. § 4472(d); see also, e.g., City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588–89 (2000) (mem.).  Without determining whether this precludes the Agency of Agriculture from bringing any future action on its prior determination on Intervale's petition at issue here, we do view this as yet another basis for our prior conclusion that an Agency enforcement action based thereon is unlikely (or futile).  See Toilet Goods Ass'n Inc. v. Gardner, 387 U.S. 158, 165 (1967) (noting that ripeness depends on the likelihood of enforcement).  For this and the other reasons already articulated in our February 24, 2009 Decision, we continue to conclude that this case is not ripe and jurisdictionally bars us from providing the advisory opinion that Intervale seeks.

For these reasons, after reconsideration of the issues raised in this appeal, we DENY Intervale's motion to alter or amend our earlier Decision.

_____          _____April 14, 2009_____
        Thomas S. Durkin, Judge                              Date

Date copies sent to:  _____          Clerk's Initials _____

Copies sent to:
    Attorneys Brian S. Dunkiel and Geoffrey Hand for Appellants Intervale
    Center, Inc. and Half Pint Farm
    Attorney Diane E. Zamos for Appellee Agency of Agriculture
    Attorney Colin K. McNeil for Interested Person City of Burlington