SERENA K. CHURCH'S EXECUTOR *v.* WHITCOMB H. CHURCH'S ESTATE.

May Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed August 10, 1907.

*Bills and Notes—Proof of Indorsement and Ownership—Wills —Bequests—Proof of Acceptance—Presumption—Result of Acceptance—Executors and Administrators—Possession of Assets—Statute of Limitation—Estoppel to Rely on Statute.*

In special assumpsit on a promissory note against its maker's estate, where the note purports to have been indorsed by its deceased payee to claimant's testatrix, it is error to receive the note in evidence, without proof that the indorsement was made by the payee, or by his authority.

In general assumpsit, in the common counts, against a decedent's estate, brought by the executor of decedent's wife's will, based on notes executed by decedent to his wife's father, and claimed by said executor to have passed to him under her will, the finding that by her will she gave to her husband for life all the income of her property, including the interest accruing on said notes during that period, included, by necessary implication, the further finding that those notes were a part of her property.

*Prima facie*, every gift, whether by will or otherwise, is supposed to be beneficial to the donee, and he is presumed to assent thereto, though he may be ignorant of the transaction.

Where a testatrix bequeathed to her husband for life all interest on certain notes held by her against him, and the residue of her property, consisting of certain articles, to J. to be disposed of by her as directed by a letter, evidence that, after testatrix's death, J. showed the letter to the husband, whereupon he delivered to her the articles named in the letter to be disposed of as therein directed, together with the letter, was admissible to show that he elected to take under the will.

One who accepts a devise or bequest, whether granted in lieu of a right or as a mere bounty, is bound to conform to the will and to accord full effect to all its provisions.

Where a wife bequeathed to her husband for life the interest on certain notes held by her against him, the notes are not collectible by her executor during the husband's life; but such executor is entitled to the possession thereof during that period.

Where a decedent accepted the provisions of his wife's will, which gave him for life the interest on certain notes held by her against him, since the notes were not collectible by the wife's executor during the husband's life, the operation of the Statute of Limitations was suspended during that period.

APPEAL from the disallowance by the commissioners of certain notes presented against the estate of Whitcomb H. Church by William P. Benton, as executor of the last will and testament of Serena K. Church. Trial by court at the December Term, 1906, Windsor County, *Taylor,* J., presiding. Judgment for the claimant for the amount of the notes in question with interest thereon from the death of Whitcomb H. Church. The opinion gives the pleadings and fully states the case. This case has been once before in the Supreme Court; see 78 Vt. 360.

*William Batchelder* for the defendant.

A party cannot prevent the running of the Statute of Limitations by omitting to do some act which he might have done or which he is required to do. *Reizenstein* v. *Marquardt* (Iowa), 9 Am. St. Rep. 477; *Dennis* v. *Bint* (Cal.) 68 Am. St. Rep. 17; *Winchester Turnpike Co.* v. *Wickliffe* (Ky.) 66 Am. St. Rep. 356.

*Pingree, Pingree & Pingree* for the claimant.

WATSON, J.    This is an appeal from the disallowance by commissioners on the estate of Whitcomb H. Church of a claim presented in favor of the estate of Serena K. Church, based on three promissory notes dated May 1, 1879, signed by Whitcomb H. Church and payable to the order of Daniel Knight, on demand with interest annually,—one for $750, one for $250, and

one for $100. The declaration is special on the three notes, alleging that while yet current, the first named note was indorsed and delivered, and the other two transferred and delivered, by Daniel Knight to Serena K. in her lifetime, etc. There is also a count for money had and received. Appellee pleaded the general issue and the Statute of Limitations. Replication that the interest on the notes was given by the will of Serena K. to Whitcomb H. during his lifetime, and accepted by him, and therefore the Statute of Limitations was held in abeyance and suspended for the same period. The rejoinder was a general denial.

Whitcomb H. Church and Serena K. Church were husband and wife. They resided in West Lebanon, N. H., until the death of Serena K., May 11, 1894. Whitcomb H. continued to reside there until his death, September 24, 1903. Serena K. was the daughter and only heir at law of Daniel Knight who, surviving · his wife, died December 15, 1883.

That the notes were excuted by Whitcomb H. to Daniel Knight no question was made. But the indorsement, "Pay to the order of S. K. Church," signed "Daniel Knight," on the $750 note was admitted in evidence subject to exception. No evidence was introduced tending to prove that this indorsement was made by the payee of the note or by his authority. The admission of it was therefore error (2 Stark. Ev., 4th Am. Ed. 246), but not reversible error if the amount due on this note is recoverable under the count for money had and received. In respect to the other two notes there is no finding of a transfer and delivery by the payee to Serena K. as specially alleged. Whatever recovery is had upon any of the notes must therefore be under the common count, regarding which the only claim or objection made by the appellee is that no recovery can be had thereunder, since there is no finding that the notes were inherited by Serena K. from her father, nor as to how she became the owner of them. The record states that by her will "she gave to her husband all the income of her property, including all interest on the three notes in suit." Included in this finding is the basal idea that these notes were a part of her property. Her ownership being thus in effect established, it is presumed to continue, nothing to the contrary appearing. This shows the notes to be a part of her estate, and as such they were provable by her personal representative against her husband's

estate. *Spaulding* v. *Warner's Estate,* 52 Vt. 29; *Purdy* v. *Estate of Purdy,* 67 Vt. 50, 30 Atl. 695.

No question is made but that all the notes were kept alive during the lifetime of Serena K. by payments thereon from time to time, the last being made April 23, 1894, eighteen days before her death. The claim of the appellee is that "the statute began to run against the notes as soon as the executor qualified, June 5, 1894. (Except as suspended for two years by the statute)." And that thereafter no payment, nor written waiver or acknowledgment was made, which prevented the statute from becoming a bar long before the maker's death. The provisions of the will upon which appellant relies in support of his replication are as follows: "Fourth.—I give and bequeath to my beloved husband, Whitcomb H. Church, the income of all the residue and remainder of my real and personal estate including all interest on the notes I now hold against him, with the privilege and right to sell and convey my said real estate at any time after my decease, for life, and from and after the termination of his estate to the 'Faith Home for Indigent Women' at Portsmouth, New Hampshire, the sum of eight hundred dollars, and to Clara Church Howe the sum of one hundred dollars, and all the residue and remainder to the aforesaid Louisa P. Irving to be disposed of as I may direct.

Fifth.—Should my said husband, Whitcomb H. Church, refuse to accept the terms specified in this my last will and testament, I hereby direct that my said estate shall be settled as the law directs and after he, my said husband, receives his portion, I give and bequeath all the residue," etc.

Louisa P. Irving, the above named legatee, was called as a witness by the appellant and testified that several years before the testatrix's death the witness received a letter from her; that the witness showed the letter to Whitcomb H. after his wife's death, whereupon he delivered to the witness the articles named in the letter to be disposed of as therein specified. The letter contained directions,—to which reference is made in the will,—from the testatrix to the witness for the latter's disposition of said articles which were a part of the former's estate. The appellee objected to the admission of the testimony of the witness, and the letter, as affecting the bar of the Statute of Limitations. The evidence had a tendency to show that Whitcomb

H. accepted the provisions of the will, and was properly admitted.

It is urged that unless the passing over of the articles as this evidence tended to show was an acceptance of the will, the transcript shows nothing done or said by Whitcomb H. having that effect. However this may be, there was no evidence to the contrary. The rule is that *prima facie,* every estate, whether given by will or otherwise, is supposed to be beneficial to the party to whom it is given. And the estate so given being for his benefit, he is presumed to assent to it until the contrary appears. *Townson* v. *Tickell,* 3 Barn. & Ald. 31; *Blanchard* v. *Sheldon,* 43 Vt. 512; *Pope* v. *Savings Bank,* 56 Vt. 284. This presumption obtains on the ground of implied benefit, even though the beneficiary be ignorant of the transaction. *Tarr* v. *Robinson,* 158 Pa. St. 62.

In the fourth paragraph of the will the testatrix made a specific bequest to her husband of the interest on the notes in question for the term of his life, and by necessary implication, if he accepted the provisions of the will, the notes themselves were to be held by her executor uncollected, as they then were, for the same period, without which this specific bequest could not be carried into effect. From the words of the will the probability of such intention by the testatrix is so strong that a contrary intention cannot be supposed. In *Marx* v. *McGlynn,* 88 N. Y. 358, there was no direct or express devise of the real estate to the executor in trust, but he was to receive the income thereof. He was to pay the necessary expenses of the estate and pay over the income to the *cestui que trust.* It was held that it must be implied that the testatrix intended that the executor should take the title of the real estate in trust in order that he could manage and control the same, and carry out the trust intended. See also *Woodward* v. *James,* 115 N. Y. 346; *Dorr* v. *Wainwright,* 13 Pick. 328. It is extremely unfit that the legatee taking a life interest in notes of which he is the maker should have the possession and control of the notes themselves. Hence the rule laid down in *Park's Admr.* v. *American Home Missionary Society,* 62 Vt. 19, 20 Atl. 107, does not apply.

It appears from the statute of New Hampshire, proved in the case, that if the husband did not wish to accept the provisions of the will in his favor he was at liberty to waive them within a specified time by filing his waiver in writing in the

probate office, and take his portion as prescribed by statute in case of intestacy. This he did not do. He accepted the provisions of the will. He thereby in legal effect assented to all the terms and conditions annexed to it, and yielded every right inconsistent with such terms and conditions. One who accepts of a devise or bequest does so on condition of conforming to the will, and is bound to give full effect to that instrument so far as he can, whether the testamentary provision accepted be in lieu of some right, or as a mere bounty. No one is allowed to disappoint a will under which he accepts a benefit. *Meech* v. *Estate of Meech,* 37 Vt. 414; *Hodges* v. *Phelps,* 65 Vt. 303, 26 Atl. 625; *Hoyt* v. *Hoyt,* 77 Vt. 244, 59 Atl. 845; *Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *Caulfield* v. *Sullivan,* 85 N. Y. 153; *Lee* v. *Tower,* 124 N. Y. 370.

Since under the provisions of the will accepted by Whitcomb H. the notes were to be held uncollected during his life, it follows in law (1) that no action could be maintained by the latter for their collection within that time; and (2) that the right of action being thus suspended, the running of the Statute of Limitations was correspondingly suspended also. *Thatcher* v. *Lyons,* 70 Vt. 438, 41 Atl. 428; *Fairbanks* v. *Devereaux,* 58 Vt. 363, 3 Atl. 500.

*Judgment affirmed with interest on the amount found due since December 4, 1906, to be certified to the probate court.*