IN RE SARAH· J. BAKER'S ESTATE.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed November 17, 1908.

*Wills—Husband's Election to Waive Wife's Will—How Exercised—Lost Signed Written Waiver—Effect—Oral Notice to Probate Court of Intent to Waive—Effect.*

Under P. S. 2925, 2935, when a wife dies testate leaving no issue, her surviving husband can waive the provisions of her will in his favor only by seasonably and in writing notifying the probate court of his intention to do so.

There was no valid waiver by a husband of the provisions in his favor contained in his wife's will, nor anything that the court could treat as such, where it appeared only that she died without issue in February, 1904, when he was, and till his death in the following April contended to be, so sick that he could not attend court; that in said February after her death and when her will was presented for probate he, by his attorney, notified the probate court of his intention to waive said provisions, and later signed a formal written waiver thereof and sent it to his attorney to be filed in probate court; that the attorney through mistake failed so to file it and mislaid or lost it; that it was never filed in probate court; and that the probate court never saw the written waiver and knew nothing about it till after the husband's death.

The acts of the husband and his attorney did not constitute an election by matter *in pais* to waive the provisions of the will.

The oral notice to the probate court of his intention to waive the will, given by the husband through his attorney at the time the will was presented for probate, could not be effectual because, if for no other reason, it was premature.

APPEAL by the heirs of Sarah J. Baker from a decree of the probate court that her surviving husband had legally waived the provisions in his favor contained in her will. Heard on an agreed statement of facts at the March Term, 1908, Washington

County, *Hall*, J., presiding. Judgment affirming the decree of the probate court. The appellants excepted.

It appeared that in February, 1904, when Sarah J. Baker died, and thence till the following April when her husband died, he was so sick that he could not attend court. The opinion states the case.

*R. W. Hulburd* for the appellants.

*George W. Wing* for the appellee.

TYLER, J. The county court, by agreement of parties, heard the case upon the facts found by the probate court and affirmed its decree. The probate court heard and decided the case upon the facts set forth in the petition of the administrator of Wm. A. Baker's estate made to that court in Nov., 1905, and upon the evidence produced in its support. The petition alleges in substance that Mrs. Sarah J. Baker died in Feb., 1904, leaving a will in which certain provisions were made for her husband Wm. A. Baker, who survived her; that when the will was presented for probate the husband, by his attorney, gave notice of his intention to waive the provisions of the will made in his behalf and take his statutory rights in lieu thereof; that the said Wm. A. being sick and unable to attend court, his attorney, at his request, drew a formal waiver for him to sign; that he duly executed it and sent it by mail to the attorney to be filed in the probate court; that the attorney received it and took it to the probate court at the time he filed an application by the husband for the appointment of an administrator upon his wife's estate, and supposed the waiver was filed with that paper until after the husband's death which occurred in April, 1904, when he learned that it had never been filed. The probate court found the fact that the waiver was never filed in that court and that it never came to the knowledge of the court. It also found that its loss had been duly proved and held that the husband intended to waive the will and did waive it, and made a decree accordingly.

Section 2935, P. S., provides that a husband may waive the provisions of his wife's will, when she dies leaving no issue, "as a widow may waive the provisions of her husband's will." But section 2925 (III) requires that the widow shall notify the court

in writing of her election to make such waiver, and that the waiver shall be made within eight months after the will is proved, or after letters of administration have been granted upon his estate, or in such other time as the court in its discretion allows.

It was held *in re Peck's Estate*, 80 Vt. 469, 68 Atl. 433, that the words, "as a widow may waive the provisions," * * * means "in the same manner." That case is also decisive that notice of such election must be given to the probate court within eight months unless the time is extended by the court.

In the present case, as the waiver was not filed in said court nor brought to its knowledge, and no extension of time was granted or prayed for, the statute was not complied with and there was in law no waiver. An intent to waive the provision of the will made known only by signing the paper was not sufficient.

The acts of the husband and his attorney did not constitute an election, as a matter *in pais,* to waive the provisions of the will. *In re Peck's Appeal, supra,* p. 487.

The parol notice by the husband to the probate court, at the time he presented the will for probate, of his intention to waive the will can have no force, for, if for no other reason, the time when a waiver could be made had not then arrived.

*Judgment reversed and judgment that there was no waiver by William A. Baker in his lifetime of the provision of the will of his wife, Sarah J. Baker, and that her estate be distributed according to the provision of the will.*