[1]In re William A. Lawrence's Will, Alma A. Whalley et al., Appellants, and Arthur O'Bryan, Appellant.

May Term, 1919.

Present:   Watson, C. J., Powers, Taylor, Miles, and Slack, JJ.

Opinion filed October 7, 1919.

*Construction of Wills—Real Estate Ordered Converted into Money Considered Personal—Bequests of Same—Harmless Evidence—Failure to Find Harmless—Law of Domicile Settles Distribution of Estate—Powers of Court of Ancillary Administration—Devisee Must Give Full Effect to Will— Election by Taking Under Ancillary Administration Decree —Election Depends Upon Acceptance.*

In the construction of wills in which real estate is ordered to be sold and turned into money, courts of equity will consider it as personal.

To work a conversion of a testator's real estate into personal while the property remains unchanged in form, there must be a clear direction to convert it.

Where the bequests in a will are of the avails of real estate, and not of the real estate itself, and do not take effect until after the sale of the same, the real estate is to be considered personal.

Where a will made real estate in another state personal for the purpose of distribution, a finding that testator's property in said state

---

[1] Note:—When this case was originally argued it was assigned to Mr. Justice Haselton.   Upon his retirement from the bench, the case, being ordered for reargument, was assigned to Mr. Justice Miles.

included both real and personal is colorless, and the admission of an inventory so classifying said property was harmless.

Where there are figures and statements in the case from which certain facts can be ascertained, the court's 'failure to find such facts, if error, was harmless.

A court of ancillary administration, though acting within its jurisdiction, cannot oust the courts of the state where the testator had his domicile of its jurisdiction to construe his will and finally settle his estate according to the laws of the domicile.

A court where ancillary administration is taken out has authority to settle and adjust the accounts of the administrator appointed by it for property received by him under his appointment, and it is discretionary with that court to order distribution there, or to remit the effects of the testator, after the payment of debts and expenses in that state, to the place of the principal administration for that purpose.

The distribution of, and succession to, personal property wherever situated are governed by the laws of the owner's domicile at the time of his death, and the final settlement and distribution of the estate is to be according to the laws of that domicile.

One who accepts of a devise or bequest does so on condition of conforming to the will and is bound to give full effect to that instrument so far as he can, whether the testamentary provision accepted be in lieu of some right, or as a mere bounty.

Where a court of ancillary administration in another state, in accordance with its laws, decreed personal property to the testator's heirs contrary to his intentions as clearly expressed in the will, and they accepted the same, they hold the property by way of election against the will, under the laws of Vermont, the testator's domicile.

Where the probate court decreed that the heirs should indemnify the other beneficiaries under the will for the loss they sustained by such election, which is satisfactory to the beneficiaries, the decree will be affirmed without deciding whether the heirs, by such election, forfeited the whole of their bequests under the will.

Election depends upon acceptance of either the provisions of the will or of some right opposed to those provisions.

Where a legatee accepted a sum decreed to him as heir by a court of ancillary administration contrary to the intention of the testator, he thereby elected to take against the will, although he had no part in securing the decree.

APPEAL from the decree of distribution by the probate court for the District of New Haven in the estate of William A. Lawrence, deceased testate. Trial by Court at the June Term, 1918, Addison County, *Fish*, J., presiding. Judgment reversing the judgment of the probate court, and for the appellants. The appellees excepted. The opinion states the case.

*Chas. I. Button* and *Wm. B. C. Stickney* for the appellees.

Mere comity can never compel courts to give effect to laws of another state which directly conflict with the laws of their own state and are contrary to its known public policy. Wharton, Conflict of Laws, (2d ed.) § 598; Story, Conflict of Laws, §§ 38, 472; *Bank of Augusta* v. *Earle*, 13 Pet. 579; *Green* v. *Van Buskirk*, 7 Wall. 139; *Hervey* v. *R. I. Locomotive Wks.*, 93 U. S. 664; *Mahorner* v. *Hooe*, 9 S. & M. 247.

The full faith and credit section of the United States Constitution does not apply to probate matters. *Bowen* v. *Johnson, Admr.*, 5 R. I. 119; *D'Arcy* v. *Ketchum*, 11 How. 165; *Domenchini's Admr.* v. *The H. T. & W. R. R.*, 90 Vt. 451; *Wood* v. *Auguslins*, 70 Vt. 637; *Clark* v. *Blackington*, 110 Mass. 369; *Baldwin's Appeal*, 81 Penn. St. 441; *Ela* v. *Edwards*, 13 Allen 48.

*A. L. Sherman* for appellants Alma Whalley et al.

*March M. Wilson* for appellant Arthur O'Bryan.

The doctrine of election does not preclude a party claiming by will from enjoying a derivative interest to which he is entitled at law, under a legal estate taken in opposition to the will. *LeFevre* v. *LeFevre*, 59 N. Y. 434; *Scoby* v. *Sweatt*, 28 Texas 730; *Exrs. of Cogdell* v. *Widow and Heirs*, 3 Desaus. Eq. (S. C.) 346; *Hearle* v. *Greenbank*, 1 Ves. Sr. 298; *Sheddon* v. *Goodrich*, 1 Ves. 481; *Jones* v. *Jones*, 8 Gill 197; *Melcher* v. *Burger*, 1 Dev. & B. Eq. 634; *Keany* v. *Macomb*, 16 N. J. Eq. 189.

MILES, J. This case, with *In re Will of William A. Lawrence, Arthur O'Brien, appellant,* came to the county court on appeal from an order of distribution of the probate court for the district of New Haven, in the settlement of the estate of William

A. Lawrence, who at the time of his death and for a long time previous thereto had his domicile in Bristol in said district. The cases were tried together by the county court, facts were found and judgment rendered thereon in both cases, sustaining the appeal and reversing the decree of the probate court with costs to the appellants. To this judgment the appellees took exceptions, and also took several exceptions to the finding of facts, and the case came here on those exceptions and on an exception taken to the admission of the inventory of property of the testator, filed in the California court.

The facts found, which were not excepted to, are substantially as follows: The appellants in both suits are legatees in the will of the testator. A part of the testator's estate was in Vermont and a part in California. The total estate in California, after the payment of debts and expenses of administration in that state, was $17,640.40 as reported by the California court, and the total estate of the testator in Vermont was $45,500, as reported by the California court, making the total value of the testator's estate in Vermont and California $63,140.40. As stated by the California court, the specific bequests to individuals and benevolent and charitable institutions amounted to $56,193.50. The amount given to persons was $31,693.50, and to charitable and benevolent societies $24,500. The residue of the estate given to charitable and benevolent institutions amounted to $6,946.90, which added to the special bequests to those institutions, made the bequests to such institutions amount to $31,446.90. The bequests to those institutions, therefore, amounted to a sum exceeding one-third of $63,140.40, the total estimated estate of the testator, in the sum of $10,400.10. This sum the California court distributed among the heirs of the testator. There were eleven heirs in all. To each of seven the court decreed $945.46 and to each of four $945.47. To eight of those heirs the testator bequeathed $200 each, to one $3,000, to another $2,000, and to appellant, Arthur O'Bryan, $1,500. To the Vermont executor the court remitted the balance of the $17,640.40 to be distributed under the will. In making this decree the California court acted under section 1313 of the California code, which is as follows: "No estate, real or personal, shall be decreed or devised (1) to any charitable or benevolent society or corporation or (2) to any person or persons in trust for charitable uses, except the same be done by will duly executed at least thirty days before the

decease of the testator; and if so made at least thirty days prior to such death, such devise or legacy and each of them shall be valid; provided that no such devises or bequests shall collectively exceed one-third of the estate of the testator, leaving legal heirs, and in such case a *pro rata* deduction from such devises or bequests shall be made so as to reduce the aggregate thereof to one-third of such estate; and all dispositions of property made contrary hereto shall be void, and go to the residuary legatee or devisee, next of kin, or heirs, according to law.''

The appellants received the amounts decreed by the California court and now ask to receive the specific legacies given in the will. The probate court for the district of New Haven refused to order payment in full to those heirs on the final settlement of the testator's estate, but ordered and decreed that the bequests to those heirs should be reduced by the amount received by each from the estate in California, and on this basis made a decree of distribution, and it is from this decree that the appellants took their appeal to the county court.

The court below found that the estate of the testator in California included both real and personal property. To this finding the appellees excepted and to the reception of the inventory of the testator's property in California as evidence to prove that the property there administered was partly real, and this is the first exception to be considered.

As a matter of fact the estate in California was partly real at the time the inventory was taken, and so continued until its sale under the provisions of the will, after which it became personal and was so treated by the California court in its decree to the heirs and in its remittance to the Vermont executor. It is a well-settled rule of law as administered in equity that, in the constructions of wills in which real estate is ordered to be sold and turned into money, courts of equity, in dealing with the subject, consider it as personal. *Rich* v. *Talbot,* 74 Conn. 137, 50 Atl. 52; 9 Cyc. 830, IV; *Greenwood* v. *Greenwood,* 178 Ill. 387, 53 N. E. 101; *Nevitt* v. *Woodburn,* 175 Ill. 376, 51 N. E. 593; *Hammond* v. *Putnam,* 110 Mass. 232; *Askew* v. *Douglass,* (N. J.) 3 Atl. 263; *In re McGraw,* 111 N. Y. 66, 19 N. E. 233, 2 L. R. A. 387; *Kane* v. *Gott,* 24 Wend. (N. Y.) 641, 35 Am. Dec. 641; *Proctor* v. *Ferebee,* 36 N. C. 143, 36 Am. Dec. 34; *Peter* v. *Beverly,* 10 Pet. 532, 9 L. ed. 522; *Craig* v. *Leslie,* 3 Wheat. 563, 4 L. ed. 460; Wharton's Conflict of Law, § 591b.

To work a conversion while the property remains unchanged in form, there must, however, be a clear direction to convert it. 9 Cyc. 831. In the will of the testator the intention is clearly expressed that his real estate not specifically devised be converted into money. None of the real estate in California was specifically devised. It was clearly the intention of the testator to have the real estate in California converted into money and distributed among the legatees named in his will. The bequests to the several legatees named in his will were of the avails of that real estate, and not of the real estate itself, and those bequests took effect after the sale, and hence, under the well-settled rule above stated, that real estate is to be considered personal. The will, therefore, which is made a part of the findings, under the decision of the cases above cited, settles the character of the property in California for the purpose of distribution and renders the finding that the estate in California was partly real, colorless and the admission of the inventory harmless error, though its reception may have been error. This holding renders this exception of no avail to the appellees.

The second and third exceptions are taken as to findings of fact, but those findings were evidently intended as an opinion of the law governing the facts found upon which the judgment was based and will be taken care of in our treatment of the exception to the judgment.

The fourth exception to the findings is of no importance, one way or the other.

The exception to the court's failure to find, expressed in the fifth exception, if well taken, which we do not decide, is harmless error, if any, for the figures and statements in the case from which the facts claimed to have been omitted can be readily ascertained.

The sixth exception is taken care of in the briefs of the appellees before the trial court, which are made a part of the case and show what their claims were.

The exception to the admission of evidence is disposed of in the treatment of the first exception.

The question raised on the exception to the judgment may as well be treated generally as to follow the order in which it is presented in the appellees' brief.

Having already held that the testator's property in California is to be considered as personal, the discussion here in-

volved relates to that class of property alone, and the authorities relating to real property, cited by the appellants, become unimportant. The appellants contend that, even if the property in California was wholly personal, the California court, under section 1313 of the California code, had power to distribute it as it did, notwithstanding that the laws of that state were in conflict with the laws of the testator's domicile. Admitting, but not deciding, that such is the fact, it does not follow that the appellants are entitled to receive in full under the will and also hold under the decree of the California court to its full extent; for the California court, though acting within its jurisdiction, could not oust the Vermont court of its jurisdiction to construe the testator's will and finally settle his estate according to the laws of Vermont.

The California court having decreed to eleven of the testator's heirs, $10,400.10, contrary to the intentions of the testator as clearly expressed in the provisions of his will, and those heirs having accepted the sum decreed to each, the question arises whether they are entitled to receive their bequests in full regardless of what they have received under the decree of the California court.

The appellants claim, and it cannot be disputed, that the ancillary administrator has certain powers over personal property found in the state where ancillary administration is taken out, and that the rule is well settled that, where principal administration is taken out in one state and ancillary administration is granted in another, the court where ancillary administration is taken out has authority to settle and adjust the accounts of the administrator appointed by that court, for property or effects received by him under his appointment; and that it is discretionary with that court to order distribution there, or to remit the effects of the testator, after the payment of debts in that state and the expense of administration, to the place of the principal administration for that purpose. *Heirs of Porter* v. *Heydock,* 6 Vt. 374; *In re Joyslin's Estate,* 76 Vt. 88, 56 Atl. 281; *Churchill* v. *Boyden, Admr.,* 17 Vt. 319; 18 Cyc. 1236 F.; *Eq. Assur. Soc.* v. *Vogel's Exrx.,* 76 Ala. 441, 52 Am. Rep. 344; *Goodall* v. *Marshall,* 11 N. H. 88, 35 Am. Dec. 472; *Graveley* v. *Graveley,* 25 S. C. 1, 60 Am. Rep. 478. But, since the distribution of and succession to personal property, wherever situated, are governed by the laws of the country or

state where the owner had his domicile at the time of his death, the final settlement and distribution of the estate are to be according to the laws of that domicile. 18 Cyc. 1236 F; *Eq. Assur. Soc.* v. *Vogel's Exrx., supra; Goodall* v. *Marshall, supra; Graveley* v. *Graveley, supra; Lawrence* v. *Kittredge,* 21 Conn. 577, 56 Am. Dec. 385; Story, Confl. of L. 403, 480-484; *Harvey* v. *Richards,* 1 Mason, 381, Fed. Cas. No. 6, 184; *Bempde* v. *Johnson,* 3 Ves. Jr. 198 and note; Wharton's Confl. of L. 560, 561; 2 Kent's Com. 428, 429; 2 Williams on Eq., 1515; *DeSobry* v. *Delaistre,* 2 Har. & J. (Md.) 191, 3 Am. Dec. 535; *Desesbats* v. *Berquier,* 1 Bin. (Pa.) 336, 2 Am. Dec. 448, and note; Note to *Bryan* v. *Moore's Heirs,* 13 Am. Dec. 347, where the authorities are collected. Many other authorities to the same effect might be cited, but it is unnecessary to do so, as the rule seems to be firmly established in this country as well as in England. Besides, as we have already seen, the California court recognized this rule of law when it remitted to the Vermont executor the remainder of the testator's estate, after decreeing that portion which, by the laws of California as interpreted by that court, was not legally disposed of by the will. Whether the appellants are entitled to receive their bequests in full regardless of what they have received under the decree of the California court, depends upon the laws of Vermont.

The law upon this subject is well settled in this State as declared in the following cases; *Church* v. *Church's Estate,* 80 Vt. 228, 67 Atl. 549; *Meach* v. *Meach's Est.,* 31 Vt. 414; *Hodges* v. *Phelps,* 65 Vt. 303, 26 Atl. 625; *Drake* v. *Wild,* 70 Vt. 52, 39 Atl. 248; *Hoyt* v. *Hoyt,* 77 Vt. 244, 59 Atl. 845. In *Church* v. *Church's Estate* it is said: "One who accepts of a devise or bequest does so on condition of conforming to the will, and is bound to give full effect to that instrument so far as he can, whether the testamentary provision accepted be in lieu of some right, or as a mere bounty."

In *Drake* v. *Wild* it is said: "As the oratrix could not take both by the will and as heir, she acquired no title to the homestead except by the will." To the same effect are the other Vermont cases above cited, and we know of no Vermont case holding otherwise.

The rule is so well stated, and the principle upon which it rests so clearly pointed out in *Re Ogilvie,* [1918] L. R. 1 Ch. Div. 492, and is so near like the case at bar in its essential facts, that we

cite quite extensively from that case. The testator was domiciled and owned property in England and also owned property in Paraguay. In his will the testator bequeathed his Paraguayan property to charitable uses. By the law of that country the bequest was void, and the property so bequeathed was decreed to the heirs at law who were named as legatees in the will of the testator. Held that the heirs must elect whether they would take under the law in Paraguay or under the will, the court saying: ''This court does not, in these cases of election, against a foreign heir, presume to sit in judgment upon the wisdom or the reverse according to its own notions of the municipal law of any foreign country. If it finds that an English testator has by his will manifested an intention to dispose of foreign heritage away from the foreign heir, and has, in fact, so far as words are concerned, effectually so disposed of it, this court merely says that it is against conscience that that foreign heir, given a legacy by the same will, and to that extent an object of mere bounty on the part of the testator, shall take and keep, under the protection of the foreign law, the land by the will destined for another, without making to that other out of his English legacy, so far as it will go, compensation for his disappointment, thus effectuating the testator's whole intentions. That object, as I take it, is, in the eye of this court, always the paramount object of attainment. But in so attaining it the court violates no foreign law; it leaves that law, as it must, untouched. If the heir can obtain under the protection of the foreign law property which the testator destined for others, he will, so far as this court is concerned, be at perfect liberty to take it and keep it; it is the legacy subject to its own jurisdiction that the court alone will touch and administer and, if necessary, impound for the purpose of effectuating the testator's intention, and so doing justice as it sees it. And, in my opinion, the court will always take this course upon the condition presupposed, unless the heir's legacy would, if applied in compensating the disappointed devisees of the foreign land, be applied in a way or for purposes for which the testator himself could not, by English law, validly by his will have directed that legacy to be so applied. It is with the English law only that the court at this stage is concerned. If, in the result, no principle of that law is violated, the hand of the court will not be stayed. The foreign heir will be put to his election; and compensation, partial or complete, will, if necessary, be provided for the disappointed devisee.''

In *Douglas-Menzies* v. *Uphelby*, 3 B. R. C. 509, the testator, residing in Scotland, devised and bequeathed property which he owned in Scotland and Australia to his widow. The widow took of the testator's property in Scotland what she was entitled to by law, instead of by the provisions of the will, and then claimed the property in Australia under the will. This was denied her, on the ground that she had elected to take by law and therefore could not take under the will.

Counsel have discussed the constitutional question of full faith and credit to be given to the judgment of sister states, but that question does not arise in this case. The New Haven court's decree of distribution was in no way in conflict with the decree of the California court. The New Haven court recognized the validity of the decree of the California court as vesting a portion of the testator's estate in the appellants; but, although by the decree they became legally entitled to the same, yet, as they took in opposition to the specific provisions of the will, they held it by way of election under the Vermont law.

The authorities are not all agreed upon the effect of an election as to whether a devisee or legatee electing against the will thereby forfeits the whole of the bequest under the will, or so much only as is necessary to compensate by an equivalent those claimants whom he has disappointed, so he may entitle himself to the surplus. Story in his work on Equity Jus. (1085), says: "But the fair result of the modern leading decisions is that in such a case there is not an absolute forefeiture; but there is a duty of compensation (at least when the case admits of compensation) or its equivalent; and that the surplus after such compensation does not devolve upon the heir as a residuum undisposed of by the will, but belongs to the donor."

In *Hattersley* v. *Bissett*, 51 N. J. Eq. 597, 29 Atl. 187, 40 Am. St. Rep. 532, it is said: "If one chooses to stand upon his property rights against the testator's disposition, equity will compel him to make compensation to the other beneficiary to the extent of indemnifying the latter for the loss he sustains by such election, not exceeding, however, the benefits the former receives under such testamentary disposition." Such is the holding in *Re Ogilvie, supra,* and *Orrell* v. *Orrell*, L. R. 6 Ch. 302.

The probate court of the district of New Haven took the latter view of the case and decreed accordingly, with which the appellees are satisfied, and as such a disposition of the case is

more favorable to the appellants than a decision that they have forfeited all right under the will, we treat that matter as the probate court treated it, without attempting to balance the authorities upon that question.

The appellant O'Bryan, claims that he cannot be held to have elected to take under the decree of the California court, because he had no part in securing that decree and became entitled to the sum decreed him without any volition on his part. But it is not true that he became entitled without any volition on his part. The title vested only upon his acceptance of the sum decreed. Election depends upon acceptance of either the provision of the will or of some right opposed to those provisions. O'Bryan has accepted the sum decreed to him by the California court, and thereby has elected to take against the will, and stands as do the other heirs who have accepted the sums decreed to them by the California court.

*The judgment below in both cases is reversed, and judgment for the appellees in both cases is rendered affirming the judgment of the probate court for the district of New Haven, with costs to the appellees. Let the case be certified back to that court.*