## RE WILL OF MABEL E. PYNCHON.

(50 A2d 760)

Special Term at Rutland, November, 1946.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed January 7, 1947.

*McNamara & Larrow* for the proponent.

*Wayne C. Bosworth* for the contestant.

STURTEVANT, J. This is an appeal from a decree of the pro-
bate court for the District of Addison allowing the instrument
presented as the last will and testament of Mabel E. Pynchon, to
the Addison County court. The appeal was taken by the Connecti-
cut Valley Historical Society, a legatee under the will. In the
county court, the proponent moved to dismiss the appeal on the

ground that the appellant had not appeared in the probate court and had made no contest there to the allowance of the will in question. This motion was denied and the proponent excepted and the case is here on those exceptions under the provisions of P. L. 2072. The single question presented is: Has a person interested in the estate, who does not appear or contest the allowance of the will in probate court, any right of appeal from the decree of the probate court allowing the will?

P. L. 3005 designates those persons who may appeal from an order or decree of the probate court. That statute is as follows:

> P. L. 3005. "A person interested in an order, sentence, decree or denial of a probate court, who considers himself injured thereby, may, except as otherwise provided, appeal therefrom to the county court, if application in writing therefor is made and filed in the register's office within twenty days from the date of the decision appealed from."

The question now before us appears to have been considered by this Court in *Cummings, Admx.* v. *Hugh, Appellant,* 2 Vt 578, 580, where this Court stated:

> "With regard to the third objection, that no person appeared to object to the administratrix's account, this was not necessary in order to entitle to an appeal. The twenty days are given for the very purpose of entering an appeal by those who are not present, when the decree is made. The law supposes that many persons, at least, who are interested, will not be present, and saves their rights by giving this period. The motion to dismiss is overruled."

As to the question before us the statute, "Laws of Vermont" Chap. XLIV, § 7, in force when the above mentioned case was decided, does not differ in substance from P. L. 3005.

The proponent cites *Allen* v. *Pugh,* 206 Ala 10, 89 So 470, in support of his contention that to be entitled to an appeal from the allowance of a will, the appellant must have appeared in the probate court. However in that State there is a statute providing that a person wishing to oppose the probate of a will must file

in the probate court notice that he wishes to contest the will and must also state the grounds relied on by him. All this must be done before the witnesses in support of the will are examined. This statute may be and doubtless is the ground for the holding in that State that a person who has not appeared in probate court to contest a will is not entitled to appeal from an order or decree of the court allowing the will. We have no such statute here. The Alabama case, *Allen* v. *Pugh,* is cited in *Everett et al* v. *Wing et al,* 103 Vt 488, 494, 156 A 393, in support of the holding that an appeal to county court on the allowance of a will is not a new proceeding requiring a new notice but is simply a continuation of a proceeding already commenced in the probate court. It is the extension of the right to contest the will which existed upon the original hearing. In this State any person who has a right to appear and contest a will in probate court, whether he does so or not, is, by statute, given the right to appeal if he feels himself injured by the court's decision or order. In Alabama this right of appeal is limited by the effect of the statute as hereinbefore stated. In the Everett case, *supra,* this Court considered the question as to whom an appellant must give notice of his appeal to to comply with the provisions of P. L. 3015 which states that the appellant must file in county court, with his appeal papers, "evidence that notice has been given the "adverse party" according to the order of the probate court." P. L. 3013 states that the notice of appeal shall be given in the manner directed by the probate court. In that case it was held that P. L. 3015 did not require notice to all interested parties but to "the adverse party", and that an interested party did not become an "adverse party" until he had entered in the probate court. That is, while a party might be an interested party in that he might have an interest in the outcome of the proceedings, yet while he remained outside of court and took no part in the proceedings he was not an "adverse party" within the meaning of that term as used in P. L. 3015. There is nothing in the Everett case tending to support the proponent's contention that a "person interested" in an order or decree of the probate court is not entitled to an appeal from the decree or order of that court unless he has appeared there. Neither P. L. 3005 nor any other statute contains any such qualification to entitle "a person interested" to an appeal from an order or decree

of the probate court. P. L. 3005 states that: "A person interested in an order, sentence, decree or denial, of a probate court, who considers himself injured thereby, may, except as otherwise provided, appeal therefrom to the county court, . . . ."

There is nothing in the expression, "except as otherwise provided," which requires a person wishing to take an appeal from a probate court to have entered in that court or to have been there an active party in the proceedings from which his appeal is taken. If he is a party interested and considers himself injured by the order or decree of the court the statute gives him the right of appeal. The proponent's contention that to be a "party interested" in an order or decree of the probate court, a person must have entered there is not sound. This Court has many times defined the term, "a person interested", to whom the statute gives the right of appeal.

"The persons entitled to an appeal are those who have some legal interest which may, by the decree of the court, be either enlarged or diminished." *Hemmenway* v. *Corey,* 16 Vt 225, 227; *Burton* v. *Estate of Barkow,* 55 Vt 434, 437; *Woodward* v. *Spear,* 10 Vt 420, 423; *In Re Clark's Estate,* 79 Vt 62, 65, 64 A 231, 118 Am St Rep 938; *In Re Vincent's Estate,* 84 Vt 89, 90, 78 A 714; *Peck's Admr.* v. *Peck's Admr.,* 91 Vt 91, 96, 99 A 635; *Simonds* v. *Simond's Estate,* 96 Vt 110, 111, 117 A 103, 28 ALR 420; *Flory* v. *Flory's Estate,* 98 Vt 251, 252, 127 A 369; *Everett et al* v. *Wing et al,* 103 Vt 488, 494, 156 A 393; *Lyons, Exrx.* v. *Field, Trustee,* et al, 106 Vt 474, 477, 175 A 11.

Each of the cases last cited turned on the question whether appellant was "a party interested" in the order or decree of the probate court appealed from within the meaning of P. L. 3005.

From the foregoing it follows and therefore we hold that to be entitled to an appeal under the provisions of P. L. 3005 it is not necessary that the appellant has appeared in the probate court in the proceedings appealed from nor in any other manner. P. L. 3005 gives a right of appeal to all persons who qualify under the terms of that statute as hereinbefore stated.

*The judgment denying proponent's motion to dismiss the appeal is affirmed with costs to appellant in this Court and cause remanded to Addison County Court.*