Hillsborough, } No. 3968.
Dec. 5, 1950. }

JOSIE A. GOWING, *Indiv.* and as *Adm'x*

*v.*

ROBERT C. LAING, *G'd'n & a.*

*Upton, Sanders & Upton* and *J. Leonard KillKelley* (*Mr. Richard F. Upton* orally), for the plaintiff.

*Robert C. Laing, pro se.*

*Sullivan & Gregg* and *Hamblett, Griffith & Moran* (*Mr. Sullivan* and *Mr. Hamblett* orally), for the defendant John T. Hogan, executor and trustee.

JOHNSTON, C. J. The questions transferred in substantial effect present the issue whether there is any legal machinery whereby provisions of the will of John J. Hogan may now be waived.

The privilege that a widow has of waiving the provisions of her deceased husband's will in her favor and so acquiring certain other property and rights in his estate is stated in R. L., c. 359, ss. 10, 11. In the case of a mentally incompetent widow the same rights that his ward would have had if competent were given to the guardian by Laws 1947, c. 151, s. 3. In *Hogan* v. *Roche, supra,* 370, it was recognized that a guardian of Ellen M. Hogan, during her lifetime, by placing "himself as nearly as possible in the position of the widow and [taking] such action as she would probably take if sane" could waive the provisions of the will of John J. Hogan in her favor with the results stated in the above cited statutes. This was not done, and it must now be deter-

mined whether under the present circumstances it is too late for such waiver.

*Page* v. *Library*, 69 N. H. 575, 577, is authority in this jurisidction for the proposition that the right of waiver "is personal and does not descend to her representatives." The decision in this case was reached in spite of the fact that the widow was unconscious from the time of her husband's death and never could make election.

Subsequent to *Page* v. *Library*, *supra*, chapter 6 of the Laws 1901 was enacted. This granted to the guardian of an insane person "the same right that his ward would have if sane," with respect to waiving the provisions of the will. Undoubtedly, this statutory power of a guardian is subject to the same limitation of the definition of the term "personal" that was expressed in *Page* v. *Library*, *supra*, concerning the power of the court sitting in equity.

Accordingly, it follows that where the waiver cannot be exercised by the widow or for her benefit, there is no authority in this state for the exercise of the waiver. This is the situation where the widow has deceased. The election given by the statutes does not survive her. This view is not inconsistent with the statement of the duty of a guardian expressed in *Hogan* v. *Roche*, *supra*, that what the widow would have desired should be considered.

"On the death of the party who is entitled to make an election, his heirs and personal representatives can not elect in his place. . . ." 4 Page, Wills (Lifetime *ed.*) 33. The author cites in support of this proposition *Page* v. *Library*, *supra*, and cases from thirteen other jurisdictions.

The courts generally hold "that a spouse's right to elect to take under or against the will of the deceased spouse is a personal privilege, which must be exercised by the survivor during his or her lifetime, and may not, after the death of the surviving spouse without exercising it . . . , be exercised by his or her personal representative." 85 A. L. R. 856. Although our New Hampshire case is not included, decisions from thirteen other jurisdictions are cited.

Additional authority is found in the cases of *In re: Knofler Estate*, 143 Ohio St. 294, decided in 1944, and *Grammer* v. *Bourke*, 117 Ind. App. 151, decided in 1946.

The questions propounded are answered by the statement that the right of a widow to waive the provisions of her husband's will does not survive her.

*Case discharged.*

All concurred.