# In re Estate of Merle H. Davis

[274 A.2d 491]

No. 28-70

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Martin, Supr. J.

Opinion Filed February 2, 1971

*Bloomer & Bloomer,* Rutland, for Plaintiff.

*James M. Jeffords,* Attorney General, and *H. Russell Morss,* Assistant Attorney General, for Defendant.

**Holden, C.J.** This is a direct appeal from a decree of distribution ordered by the probate court, district of Franklin, in the estate of Merle H. Davis. The decedent died testate on November 30, 1967. His will bequeathed his entire estate to his wife, Edith G. Davis, provided she survived him by thirty days; if not, his estate was to be devised to their three children. The will named Mrs. Davis to be the executrix. Mrs. Davis deceased September 14, 1968, before undertaking the administration of the estate. Letters of administration were issued in both estates to Mary E. Bloomer, who was one of the three surviving children.

In her capacity as administratrix c.t.a. of the estate of Edith G. Davis, and with written consent of the other surviving heirs and legatees, Mary E. Bloomer filed a waiver of all the provisions made for the decedent in the will of her husband Merle H. Davis and elected to take the share provided for the surviving spouse under the statutory laws of descent and distribution.

The letter, which transmitted to the probate judge the formal consent of the heirs to the waiver, stated that "(u)nless we hear from you to the contrary, we shall assume that this completes all necessary formalities concerning the waiver, and we will get on with the preparation of the final account." No request was made of the court to pass judgment on the waiver by interlocutory order or otherwise.

No judicial action was taken on the proposed waiver until the final decree of distribution which was entered March 12, 1970. This decree issued on application of the administratrix, after due notice by publication, to all persons interested in the estate. The court allowed the final account filed by the administratrix, with the exception of advancements in the amount of $3,500 which had previously been made to two of the children of the decedent. The reason stated is that "the Court does not consider these persons as legatees of this estate . . . ."

The court also disallowed the waiver, presented and filed by the widow's representative, on the ground that it was not executed by Edith G. Davis during her lifetime. The court ordered distribution of the entire estate to the widow's representative according to the provision of the husband's will.

The decree also states that an inheritance tax has been assessed in the amount of $1,386.26, plus interest, which has not been paid. And it is further provided that the decree will not become effective until a receipt is filed showing that the inheritance tax has been paid to the State of Vermont.

Mary E. Bloomer, individually, as daughter and legatee of Merle H. Davis, and also as his representative, appeals from the judgment order and decree. The commissioner of taxes for the State of Vermont, by the attorney general, entered an appearance in this Court.

Before the appeal was heard, the appellant moved to strike the appearance of the commissioner of taxes on the ground that he was not a party to the proceedings in the probate court and was not a proper party on appeal. Ruling on the motion to strike the appearance was reserved until the appeal was perfected, as provided in Rules 7 and 8 of the Rules of the Supreme Court. The question is renewed in the appellant's brief and we will deal with that aspect of the appeal first.

The tenor of the appellant's argument is that the commissioner of taxes has no standing in probate appeals except that conferred by the statute relating to the taxation of inheritance, namely 32 V.S.A. § 6892. This section provides:

"In the course of administration of an estate in the probate court, when the legal construction of a part of this chapter (181) is in issue and the facts relating thereto have been determined by such court, upon the written application of the administrator, executor or trustee of such estate and the commissioner, filed therewith within thirty days after decree therein, the judge of such court shall certify to the supreme court such part of its findings and decree as relates to such construction, together with the contentions of the parties relating thereto which shall be filed with such application, if such cause is not taken to the county court by a party thereto as provided by section 6891 of this title."

The appellant stresses the point that she does not request a legal construction of any part of Chapter 181 of Title 32. She maintains that her appeal is brought to this Court by way of the general appellate procedure provided by 12 V.S.A. § 2382. With this we agree.

There was no application to appeal nor certification as provided in 32 V.S.A. § 6892, *supra*. The judgment order sought to be reviewed is a final adjudication, appealable as a matter of right under 12 V.S.A. § 2382.

After settlement of the representative's final account, the assessment of the inheritance taxes, due the State of Vermont, is an essential part of the decree of distribution. The probate court was bound by statute to make that adjudication and to include its determination in the judgment order. 32 V.S.A. § 6587; *In re Estate of Pierce*, 125 Vt. 340, 342, 215 A.2d 505 (1965). This Court must recognize this requirement, even though no question as to the amount of the tax is before us. *In re Robinson's Will*, 101 Vt. 464, 471, 144 A. 457 (1929).

It is true, of course, that either the fiduciary or the commissioner of taxes may appeal under 32 V.S.A. § 6892.

These same persons, and the beneficiaries as well, can appeal the orders of the probate court in the assessment of inheritance taxes, as provided in 32 V.S.A. § 6891. But the decree now before us, apparently afforded no occasion for the tax commissioner to resort to these provisions, since it seems the State was not aggrieved by the assessment made in the lower court.

■ It is apparent from the record before us that the amount due the State of Vermont, under 32 V.S.A. § 6542, as determined in the decree, will be diminished if the errors claimed by the appellant are sustained. Such a consequence affords the commissioner adequate interest and standing to be heard in this appeal within the rule set forth in our cases. See *In re Estate of Gaskell,* 123 Vt. 57, 58, 181 A.2d 67 (1962); *In re Manley Estate,* 112 Vt. 314, 318, 24 A.2d 357 (1942); *Lyons, Exrx.* v. *Field, Trustee,* 106 Vt. 474, 479, 175 A. 11 (1934).

The fact that the error assigned by the appellant does not relate to a "legal construction of a part" of the inheritance tax statutes cannot foreclose the State from being heard through its tax commissioner on a question in which it has a valid and legal interest. And contrary to the appellant's contention, the support and standing of the commissioner, in behalf of the State of Vermont, is not adversely affected by his failure to appear or participate in the proceedings which give rise to the present appeal. *Re Will of Pynchon,* 115 Vt. 57, 60, 50 A.2d 760 (1947).

We turn now to the main question presented for review. Was the probate court in error in ordering distribution of the estate, according to the decedent's will, in the presence of the waiver of its provisions by the widow's administratrix, with the acknowledged consent of the remaining heirs?

The statutory right of a widow to a specific share in the estate of her deceased husband has been described by Chief Justice Powers as the "product of a commendable desire to safeguard the interests of the wife." It cannot be taken from her without her consent. But she may take both the benefits of the will and her customary share according to the statute, if that was her husband's intent. *In re O'Rourke's Estate,* 106 Vt. 327, 333, 175 A. 24 (1934).

The design of the statute is to protect the widow by assuring her at least her statutory share, in the same fashion as though her husband had died intestate. The privilege of waiver is conferred on the surviving spouse alone, without mention of her heirs or legal representative. 14 V.S.A. § 402. Since the privilege of the statute is personal to the widow, it cannot be undertaken by her representative after her death. In this the authorities are agreed. *Estate of Mullins* v. *Estate of Mullins*, 239 Miss. 751, 125 So.2d 93, 83 A.L.R.2d 1073, 1076 (1960) ; *Gowing* v. *Laing*, 96 N.H. 364, 77 A.2d 32, 33; See also 57 Am.Jur. *Wills* § 1530; Annot., 83 A.L.R.2d 1077, 1079 (1962). And this precept is consistent with the doctrine of our own cases. *In re Estate of Sharon*, 121 Vt. 322, 324, 157 A.2d 475 (1960); *In re Baker's Estate*, 81 Vt. 505, 506, 71 A. 190 (1908) ; *Estate of Johnson* v. *Johnson*, 41 Vt. 467, 470 (1868).

The appellant makes no claim to the contrary, but contends that the waiver by the administratrix, with the concurrence of the heirs, constituted a valid stipulation by the parties, which the probate court was bound to honor in the decree of distribution and enter a decree in accordance with the consent of the parties.

It must be recognized that a judgment by consent of all the parties is contractual in nature. Yet in such actions judgments are entered by order of court in the exercise of its judicial function. *Railway Employees' Dept.* v. *Wright*, 364 U.S. 642, 5 L.Ed.2d 349, 355 (1961). But the usual rules governing action by stipulation and consent of the parties do not always apply to the administration and settlement of decedents' estates. Decrees of the probate court are in the nature of judgments *in rem. Everett* v. *Wing*, 103 Vt. 488, 492, 156 A. 393 (1931).

The distinction was made clear by Chief Justice Pierpoint in an appeal from a decree of the probate court, allowing and establishing a will. "This proceeding is not like an ordinary suit at law, where the parties of record are the only parties in interest, and the only ones affected by the result. In such case courts act upon the concession of the parties, and render judgments thereon, but in proceedings of this kind the judgment of the court is conclusive upon all the world, and

ordinarily there are other persons interested, and that will be concluded by the result, besides the proponent and contestant, and their rights are not to be conceded away by the parties of record." *Williams, Executor* v. *Robinson*, 42 Vt. 658, 663 (1870).

Since the interest of the State would be adversely affected by the method of distribution proposed by the heirs, the probate court was correct in refusing to approve the proposal. And even if others would suffer no detriment by the agreement, it has been held to be more conducive to the orderly settlement of decedent estates for the probate court to decree distribution according to the provisions of the will, leaving any stipulation for a different disposition for subsequent consummation by the parties to that undertaking. *In re Everett Estate,* 113 Vt. 265, 271, 33 A.2d 223 (1943).

*Decree affirmed.*