**In re Estate of Medward E. Stacy**

[300 A.2d 556]

No. 44-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 6, 1973

*Burgess & Kilmurry,* Montpelier, for Plaintiff.

*Free & Bernasconi,* Barre, for Defendant.

**Barney, J.** This is a claim against an estate. The plaintiff-claimant asserts his right to inherit as the illegitimate son of the deceased. Although there was a holographic will involved, it is conceded that this attempted will had no legal effect in either of the jurisdictions involved. Furthermore, it did not make provision for the plaintiff in any way. The probate court issued a decree recognizing the plaintiff's claim as applied to certain personal property located in Vermont, but this decree was vacated on appeal to the county court. The plaintiff then appealed to this Court for reinstatement of his claim.

The decedent, at the time of his passing, had been a resident of Louisiana for many years. His estate in Louisiana was distributed on the basis of intestacy according to the laws of that state, with surviving brothers, sister and mother inheriting. The claim of the plaintiff was rejected there because Louisiana law makes no provision for inheritance by illegitimate children except as named legatees in a will. Since, here, he was not named in the holographic will, and, further, since the will did not conform to the requirements of Louisiana law for testamentary instruments, his claim failed in that jurisdiction.

Since part of the personalty was located in Vermont, the residence of the plaintiff, he turned to this jurisdiction. Administration was therefore sought and obtained in the probate court for Washington County probate district. The disposition in that court was superseded by the county court *de novo* judgment. That court found that the distribution of the personalty in Vermont was governed by the law of Louisiana. This ruling furnishes the critical question on this appeal.

There is a subordinate question relating to whether certain actions in a bastardy proceeding held many years ago had the effect of judicially determining paternity. This issue becomes of importance only if a right to inherit in an illegitimate child is otherwise established in this case.

Furthermore, the application of Vermont law to this matter is of assistance to the plaintiff only if it authorizes inheri-

tance in an illegitimate child not named in a will, or in an intestate estate.

■ But the law of Vermont in effect in December, 1965, relevant to this case, was 14 V.S.A. § 553. It provided that an illegitimate child "shall inherit from or through his mother", making no provision for any rights of inheritance through his natural father. Even as to legitimate children the right to inherit is a privilege accorded by the state. *First National Bank* v. *Harvey*, 111 Vt. 281, 296, 16 A.2d 184 (1940). It follows that the right of an illegitimate child, however barbarous it may be to discriminate against children because of the marital status of their parents, must be based on statutory authority. The 1967 Adjourned Session of the Legislature liberalized the matter by allowing inheritance through the father in cases where it could be said that paternity was a settled issue.

However, for purposes of this case, the plaintiff, under the then law, had no standing to inherit in Vermont, not being a named legatee. With his rights foreclosed in both jurisdictions it is clear that the trial court correctly set aside the decree of the Washington District Probate Court as unwarranted in law.

■ Furthermore, no justification for a refusal to follow the usual rule as set out in *In Re Lawrence's Will*, 93 Vt. 424, 430, 108 A. 387 (1919), has been shown. That rule provides that personal property is to be distributed according to the law of the domicile of the decedent at the time of his death. Although this recognition of the laws of a sister state does not compel a court to give effect to the laws of another state contrary to the policy concerns supporting its own differing law, *In re Dennis' Estate*, 98 Vt. 424, 427, 129 A. 166 (1925), no such difficulty intrudes itself here. Under these circumstances the remittance of the personal estate in Vermont to Louisiana for distribution was proper. *In Re Partridge's Estate*, 102 Vt. 9, 14, 144 A. 861 (1929).

In this view of the case, the effect of the discontinuance of the paternity action involving the decedent and the plaintiff as affected infant is of no moment and has no bearing on the result reached here. It requires no further consideration.

*The judgment of the Washington County Court is affirmed.
Let the result be certified to the Washington District Probate
Court.*