## In re Estate of Francis Duval

[332 A.2d 802]

No. 79-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed February 4, 1975

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Anna Hardwick.

*Adams & Meaker,* Waterbury, for Clara Duval.

Daley, J. This is a direct appeal from the decree of distribution made by the Probate Court for the District of Washington in the estate of Francis Duval. At the time of his death, Mr. Duval was domiciled in the state of Florida and possessed real and personal estate in Vermont. He disposed of this property by will leaving one-half of his estate to his sister, the appellant; the other half was left in trust for his wife who survived him. The will was duly allowed. During the course of administration the real estate was sold. The probate court, after allowing the executor's final account, issued a decree which distributed the cash assets remaining in the hands of the executor in accordance with Vermont statutory law. The appellant contends this to be error in view of the probate court's finding that Mr. Duval was domiciled in Florida at the time of his death. Consequently, the law of that state was controlling in the distribution of his personal estate.

In the alternative, appellant argues if Vermont law is to be applied, the court erred in distributing the total estate under 14 V.S.A. § 551(2). She also contends that the notice provision, contained in 14 V.S.A. § 1067, governing probate settlements, is unconstitutional under a *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950), analysis, in that this statute does not mandate personal notice whenever possible. The appellee widow bases her opposition to the claims made here on the fact that the appellant, not having appeared in any of the probate court proceedings, cannot now appeal a decree adversely affecting her interest.

The widow's arguments are in accordance with appellate practice generally employed in civil and criminal actions coming to this Court. However, such is not the rule in appeals from the probate court. *See In re Estate of Davis,*

129 Vt. 162, 166, 274 A.2d 491 (1971) ; *Re Will of Pynchon,* 115 Vt. 57, 60, 50 A.2d 760 (1947). The right of an interested party to appear on appeal is not conditioned on an earlier appearance in the probate court. Likewise, when the appellant has not participated below, questions of law raised for the first time on appeal from the probate court are entitled to consideration.

■■ Although our disposition of this cause does not require us to pass upon the question of meaningful notice, the Court notes that the types of notice employed by the probate court in this instance must comply with due process requirements. As a named legatee, the appellant received personal notice in accordance with 14 V.S.A. § 111, the provision relating to initial notice to beneficiaries, and was afforded notice pursuant to 14 V.S.A. § 1067. That provision governing the notice of accounting permits personal notice or notice by publication in the court's discretion. In this case, the probate court chose notice by publication as the method of informing interested persons of the last critical stage prior to the distribution of the estate. Here, the publication of an advertisement in a small Vermont newspaper, when used to alert a legatee whose out-of-state address was known, was not the best notice possible. *Aiken* v. *Malloy,* 132 Vt. 200, 208, 209, 315 A.2d 488 (1974). This is not "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Compare V.R.C.P. 4 (e) and Reporter's Notes. Although *Re Will of Pynchon, supra,* provides interested parties with an opportunity to present their arguments and objections without prejudice, the notice used below could have resulted in a failure of due process.

■■ In our view, this case rests on the well settled principle regarding the distribution of personalty. Personal property is to be distributed according to the law of the domicile of the decedent at the time of his death. *In re Estate of Stacy,* 131 Vt. 130, 132, 300 A.2d 556 (1973) ; *In re Lawrence's Will,* 93 Vt. 424, 108 A. 387 (1919). Correlatively, the spouse's right of election is governed by the law of the state where

the deceased spouse was domiciled at the time of his death. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 265 (1971). An examination of the accounting and the decree of distribution shows that the probate court applied Vermont law on personalty when it should have used the substantive law of the state of the decedent's domicile. Since there is no policy reason presented which provides a basis for differing from the application of the law of the state of domicile, the probate court's distribution of the assets is erroneous.

The claim of the appellant concerning disposition under 14 V.S.A. § 551(2) need not be considered in view of our holding.

*Cause is remanded to the probate court for the application of the law of the state of Florida in the distribution of the decedent's movables.*